SINGER and another vs. TOWNSEND, Administratrix, and BIGGS, Garnishee.

*September 28 — October 18, 1881.*

GARNISHMENT.    *(1, 2) Liability of garnishee.    (3) Practice in garnishment proceedings.*

1. One who contracts to pay for his board by the week, is indebted to his landlord before the close of the week (if at all) only for that part of the week which has expired, so as to be liable as garnishee therefor.

2. A garnishee cannot be held liable on a joint indebtedness to the principal debtor and a third person.

Singer and another vs. Townsend, Adm'x, and Biggs, Garnishee.

3. In garnishment, where notice by the principal debtor is duly served, containing relevant averments, and no issue is formed thereon as required by the statute, the introduction of evidence by the debtor in support of such averments is a *waiver* of the irregularity.

APPEAL from the Circuit Court for *Waukesha* County.

Plaintiffs recovered in said court a judgment against Copeland Townsend (since deceased), and caused an execution to be issued thereon August 3, 1878. Afterwards they commenced proceedings against *Biggs* as garnishee of said Townsend. At the time when the garnishee's answer was filed, Townsend also filed a notice which stated, 1. That he claimed the money, credits, etc., mentioned in the affidavit for garnishment, as exempt, for reasons specified. 2. That said Copeland Townsend and one Elbridge G. Townsend then were, and had been since about July 1, 1878, copartners under the name of Townsend & Co. in keeping the Townsend House at Oconomowoc, and that the indebtedness of the garnishee, if any, was due to them as such copartners, for board, etc., at said hotel since the date last above mentioned. The issue in the garnishment suit was tried by the court. The substance of the garnishee's answer, so far as important here, will appear from the opinion. The defendant Townsend put in evidence articles of copartnership between himself and Elbridge G. Townsend, entered into July 4, 1874. No other evidence was submitted. The court held that there was no partnership, and that plaintiffs were entitled to judgment against the garnishee for $46; and it rendered judgment accordingly. Upon the death of Copeland Townsend, the administratrix of his estate appealed from the judgment.

The cause was submitted for the appellant on the brief of *D. G. Rogers* and *Joshua Stark.*

For the respondents there was a brief by *E. Hurlbut* and *M. N. Lando*, and oral argument by *Mr. Lando.*

ORTON, J. The answers of the garnishee, upon his examination, were to the effect that at the time he was served with

the notice he had been boarding at the Townsend House, in the city of Oconomowoc, four days only, under a contract with the proprietor or proprietors of that house to pay for his board $38 per week. The garnishee was therefore not indebted at that time, for such board, to exceed four-sevenths of that amount, if he was indebted at all, or would be until the end of the week. The judgment for $46 is therefore clearly erroneous. 2 Tay. Stats., ch. 134, § 115; *Wood v. Wall*, 24 Wis., 647.

There was notice by the defendant in the execution, duly served, alleging substantially that the indebtedness of the garnishee for board at the Townsend House, at the time of the service of notice upon him, if any, was jointly owing to Copeland Townsend and Elbridge Townsend, constituting the firm of Townsend & Co., and not to Copeland Townsend alone. There was no traverse of this allegation, and no issue formed upon such notice as required by the statute; but, testimony having been introduced by the defendant to prove the fact stated in the notice, without any issue being formed, such irregularity was waived.

The only testimony introduced to prove the fact stated in such notice was the written agreement of copartnership between Copeland and Elbridge Townsend, which unquestionably established the fact that they were copartners in the keeping of the Townsend House at the time such indebtedness of the garnishee was incurred for board at such house, and that said garnishee was indebted for such board, if at all, *jointly* to Copeland and Elbridge Townsend. This was all the evidence offered by either side, and yet the circuit judge found that such agreement of copartnership was invalid and not *bona fide*, and entirely disregarded the evidence.

*By the Court.*—The judgment against the garnishee is reversed, and the cause remanded with direction to the circuit court to enter judgment in his favor.