SINGER and another vs. TOWNSEND, Administratrix, and FOULD, Garnishee.

*October 4 — October 18, 1881.*

GARNISHMENT.    *Liability of garnishee, and practice in garnishment pro-
ceedings.*

1. In garnishment, where a notice by the principal debtor is duly served,
   containing relevant averments, and no issue is formed thereon as re-
   quired by the statute, the introduction of evidence by the debtor in
   support of such averments is a *waiver* of the irregularity.
2. A garnishee cannot be held liable upon a joint indebtedness due to the
   principal debtor and a third person.

APPEAL from the Circuit Court for *Waukesha* County.
This case was precisely similar in character to *Singer et
al. v. Townsend*, etc., *ante*, p. 126, and the parties, except the
garnishee, were the same. This appeal was also taken by the
administratrix of the principal defendant, Copeland Townsend.

For the appellant there was a brief by *D. G. Rogers* and
*Joshua Stark*, and oral argument by *Adolf Herdegen.*

The cause was submitted for the respondent on the brief of
*E. Hurlbut* and *M. N. Lando.*

ORTON, J.    The answers of the garnishee, upon his ex-
amination, were to the effect that at the time he was served
with the notice his family, consisting of four persons, had
been boarding at the Townsend House, in the city of Ocono-
mowoc, for something over a week, under a contract with the
proprietor or proprietors of that house to pay for such board
$56 per week; and that he had not only paid up for such board,
but had paid about $30 in advance for future board at such
house. The garnishee was therefore not indebted in any sum
whatever to the defendant in the execution at the time of the
service of the notice of garnishment upon him; and yet the
circuit judge found that he was so indebted in the sum of
$22, and judgment was rendered therefor.

There was notice by the defendant in the execution, duly served, alleging substantially that the indebtedness of the garnishee for board at the Townsend House at the time of the service of notice upon him, if any, was jointly owing to Copeland Townsend and Elbridge Townsend, constituting the firm of Townsend & Co., and not to Copeland Townsend alone. There was no traverse of this allegation, and no issue formed upon such notice as is required by the statute; but, testimony having been introduced by the defendant to prove the facts stated in the notice, without any issue being formed, such irregularity was waived.

The only testimony introduced to prove the fact stated in such notice was the written agreement of copartnership between Copeland and Elbridge Townsend, which unquestionably established the fact that they were copartners in the keeping of the Townsend House at the time such indebtedness of the garnishee was incurred for board at such house, and that said garnishee was indebted for such board, if at all, *jointly* to Copeland and Elbridge Townsend. This was all the evidence offered by either side; and yet the circuit judge found that such agreement of copartnership was invalid, and not *bona fide*, and entirely disregarded the evidence.

*By the Court.*— The judgment against the garnishee is reversed, and the cause remanded with direction to the circuit court to enter judgment in his favor.