## J. T. Trickett v. J. R. Moore, *et al.*

Partnership — *Debt Due — Garnishment.*    What is due a partnership cannot be subjected to garnishment as a credit due one of the firm.    In an action against one of the firm, a debtor to the partnership cannot be made a garnishee.    Such debtor owes nothing to any one member of the firm.

*Error from Johnson District Court.*

On May 5, 1883, *J. T. Trickett* brought his action in a justice's court of Johnson county against Jonathan Harris, and in that action had a garnishment notice served upon *F. M. Moore* and *J. R. Moore*, requiring them to answer touching

any property in their hands or under their control or indebtedness from them to said Harris. The defendants answered that they had no property belonging to Harris under their control, and that they were not indebted to him in any sum. Subsequently the original cause came on for trial, and plaintiff recovered judgment against Harris for the sum of $200, and $13 costs. On May 15, 1883, J. T. Trickett commenced his action against F. M. Moore and J. R. Moore, defendants, setting forth in his bill of particulars that the answer of said defendants on the garnishment proceedings in the action of plaintiff against Jonathan Harris, was not satisfactory and was untrue. Plaintiff also set forth in his bill of particulars that on March 30, 1881, the defendants executed and delivered to Adam Rankin their promissory note for $200, payable January 1, 1882; that Rankin, for a valuable consideration, indorsed and transferred the note to Jonathan Harris, and that at the date of the garnishment he was the legal holder and owner of the same; and that said Harris continues to be the *bona fide* holder thereof. The bill of particulars further set forth that neither Adam Rankin nor any of the defendants had paid the note or any part thereof; that the note was due, together with interest; wherefore, the plaintiff demanded judgment against the defendants for the sum of $213 and costs of suit. Plaintiff recovered judgment before the justice of the peace against the defendants for $200 and interest, and costs; and thereupon the action was appealed by the defendants to the district court. Trial had at the March Term, 1884. Judgment was rendered in favor of the defendants. Plaintiff excepted, and brings the case here.

*J. W. Parker*, and *E. B. Gill*, for plaintiff in error.

*John T. Burris*, *John T. Little*, and *Samuel T. Seaton*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Various questions are discussed at length in the briefs furnished upon the hearing of this case, but only

one question needs to be noticed. This disposes of the case. The action in which the garnishment summons issued was entitled, J. T. Trickett v. Jonathan Harris. The affidavit for garnishment alleged that Adam Rankin, J. R. Moore and F. M. Moore are indebted to Jonathan Harris, and that Jonathan Harris is justly indebted to the plaintiff in the sum of $200 over and above all legal set-off. Judgment was rendered against Jonathan Harris for $200, with interest and costs. J. R. Moore and F. M. Moore, in their answer as garnishees, stated that they gave Adam Rankin a note for $200, which went into the Harris bank. Adam Rankin testified that in March, 1881, J. R. Moore and F. M. Moore gave him their note for $200, payable January 1, 1882; that three or four months before it became due, he borrowed $100 of Jonathan Harris & Company, and gave his note for it, and deposited the Moore note with them as collateral security; that afterward, and before it became due, he got $94 more out of the bank on over-drafts against the Moore note; that he had never paid the note to the Harris bank, or the over-drafts. J. H. Hare testified that in 1884 he was the book-keeper in the bank of Jonathan Harris & Co.; that the Moore note to Rankin was turned over to J. Harris & Co. as collateral security. J. R. Moore testified that the $200 note which he and his brother gave to Adam Rankin was in J. Harris & Co.'s bank on December 31, 1881; and that on that day he went to Harris's bank and asked William H. Smith if he held his note to Rankin for $200; he answered that he held it for collection. A. Smith Devenney testified that in December, 1881, William H. Smith was one of the partners in the Harris bank.

The case before us was tried by the court, without a jury, and a general finding was made for the defendants. Therefore the finding is in favor of the defendants for all the facts necessary to constitute their defense. (*Knaggs v. Mastin,* 9 Kas. 532; *Bixby v. Bailey,* 11 id. 359.) There was no demand for special findings. In the bill of particulars filed by the plaintiff against the defendants, it is alleged that the de-

fendants are debtors of Jonathan Harris. The question therefore arises: Can the defendants be held as garnishees as the debtors of Jonathan Harris alone, when the record shows that if they are the debtors of anyone, they are the debtors of Jonathan Harris & Co., a firm composed of Jonathan Harris and William H. Smith? The great weight of authority is, that what is due a partnership cannot be subject to garnishment as a credit due one of the firm. Therefore in a suit against him, a debtor to a partnership cannot be made a garnishee. Such debtor owes nothing to any one member of the firm. Drake says:

Debt due partnership; garnishment.

"The attachment of a debt due to a copartnership in an action against one of the partners is justly distinguishable from the seizure on attachment or execution of tangible effects of the firm for the same purpose; hence, we find the supreme court of Alabama holding that partnership property may be sold to pay the debt of one partner, but that a debt due a firm cannot be taken by garnishment for that purpose. The reason assigned is, that in the case of sale the property is not removed and cannot be appropriated until all liens upon it, growing out of or relating to the partnership, are discharged. While in the other case, judgment against the garnishee, if acquiesced in, changes the right of property and divests the copartner's title to the property attached, which cannot be done so long as the partnership accounts remain unsettled or its debts unpaid." (*Winston v. Ewing*, 1 Ala. 129, §§ 567–571.)

In an action against G. & G. the garnishee answered that he was indebted to G. &. L., one of the defendants being a member of both firms. Justice Story, in deciding against the liability of the garnishee, observed:

"In order to adjudge the trustee responsible in this action, it must be decided that the funds of one partnership may be applied to the payment of the debts of another partnership upon the mere proof that the principal debtor is interested in each firm. If this be correct, it will follow that a separate creditor of one partner will have greater equitable as well as legal rights than the partner himself has. The general rule undoubtedly is, that the interest of each partner in partnership funds is only what remains after the partnership accounts are taken, and unless upon such an account the partner be a

creditor of the fund, he is entitled to nothing; and if the partnership be insolvent the same effect follows." (*Lindon v. Gorham*, 1 Gall. 367; *Upham v. Nailor*, 9 Mass. 490.)

The position taken in the decisions cited is supported by the courts of New Hampshire, Vermont, Rhode Island, New York, Maryland, Louisiana, Mississippi, Tennessee, Ohio, and Missouri. In Maine, Pennsylvania and South Carolina the contrary doctrine prevails. For a further discussion of this subject, see Waples on Attachment and Garnishment, 204; *Williams v. Gage*, 49 Miss. 707; *Sheedy v. Banks*, 62 Mo. 17; *Singer v. Townsend*, 53 Wis. 126; *Markham v. Gehan*, 42 Mich. 74; *Sweet v. Read*, 12 R. I. 121; *Carr v. Catlin*, 13 Kas. 393; *Hershfield v. Claflin*, 25 id. 166.

Counsel for plaintiff in their oral argument contended that the proposition, that a debt due a partnership cannot be taken by garnishment to pay the individual debt of one member of the firm, was not raised in the trial court; and they also assert that the firm of Jonathan Harris & Co. was composed solely of Jonathan Harris. The record does not sustain the assertion. It is clearly established that at least two partners composed the firm of Jonathan Harris & Co., — Jonathan Harris and Wm. H. Smith. There was no evidence presented showing that Wm. H. Smith had ever withdrawn from the firm, or that at any time the firm of Jonathan Harris & Co. consisted solely of Jonathan Harris.

The judgment of the district court must be affirmed.

All the Justices concurring.