MARGARET D. KENNEDY v. ANDREW MCLELLAN AND
GEORGE ANDERSON, GARNISHEES OF GEORGE KENNEDY.

*Garnishment—Demand due in part to principal defendant—Poli-
cies of insurance—Appeal.*

1. A demand due in part only to the principal defendant cannot be
   reached by garnishment, *Markham v. Gehan*, 42 Mich. 74.
2. If the interest of a principal defendant in a life insurance policy
   can be reached by garnishment, the proceedings must be taken
   under How. Stat. § 8064, which provides for the delivery of the
   policy to a receiver, on the order of the judge or commissioner,
   for collection and distribution; but before such an order can be
   made *all* parties *interested* must be heard, or given an opportunity
   to be heard. *Lyon v. Ballentine,* 63 Mich. 104, 105.
3. In reviewing a judgment rendered in favor of garnishee defend-
   ants on the trial of an issue formed on their disclosure, the case
   must stand in the appellate court as it did at the time of such
   trial.
4. The law is so well settled in this State that garnishee proceedings
   must follow the statutes strictly, and that they cannot be
   extended beyond their plain letter, that it is unnecessary to cite
   the numerous decisions so holding.
5. Where a plaintiff sees fit to submit his case in the court below
   without taking, or attempting to take, advantage of the pro-
   visions of Act No. 176, Laws of 1885, by impleading a party
   shown by the disclosure to claim the indebtedness due from the
   garnishee, or the property in his hands, the appellate court can-
   not aid him, but must pass upon the judgment as rendered at the
   circuit.

Error to Wayne. (Hosmer, J.) Argued June 21, 1889.
Decided October 18, 1889.

Garnishment proceedings. Plaintiff brings error upon judgment in favor of garnishee defendants. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*George W. Radford,* for appellant.

*Parker & Burton,* for garnishee defendants.

MORSE, J.   May 16, 1888, the plaintiff sued out a writ of attachment against the principal defendant, George Kennedy, in the circuit court for Wayne county. As a basis for such writ, she made affidavit that he was indebted to her in the sum of $2,500, as near as she could estimate the same, over and above all legal set-offs, and that the same was due upon implied contract; and that—

"She had good reasons to believe that the said George Kennedy is not a resident of the State of Michigan, and has not resided therein for three months immediately preceding the time of making this affidavit."

The writ was made returnable on Saturday, May 26, 1888, at 9 o'clock A. M.

On the same day the attachment was issued, May 16, 1888, she made affidavit for a writ of garnishment, and the same was issued against McLellan and Anderson, returnable June 2, 1888. This writ was served personally May 16, 1888, and on the next day the sheriff returns that he attached the following property by virtue of the writ of attachment, to wit:

"All the right, title and interest of George Kennedy in and to two certain life inrasunce policies, described as follows, to wit:   Policy number 157,819, issued by the Connecticut Mutual Life Insurance Company upon the life of James H. Kennedy (deceased), and paid up, for one thousand and twelve ($1,012) dollars; and policy numbered 6,436, issued by the Mutual Life Insurance Company of New York, on the life of James H. Kennedy (deceased), for the sum of one thousand ($1,000) dollars, with additions to the same now amounting to eleven hundred and fifty-eight ($1,158)

dollars; which I could not cause to be appraised, the defendant's interest being an unknown and indefinite quantity."

He also returned, of date May 28, 1888, that he was unable to find the defendant, George Kennedy, within his bailiwick.

June 16, 1888, the plaintiff filed her declaration against the defendant in the attachment suit.

June 18, 1888, the plaintiff caused to be personally delivered to the defendant, George Kennedy, true copies of the original affidavit filed and writ of attachment issued, and the original affidavits filed and writs of garnishment issued, upon which copies of said writs of garnishment true copies of the return of service were indorsed; and also caused to be personally served upon him a notice to appear and defend said suit within 30 days after the service of said notice, or his default would be entered in the same.

July 23, 1888, the default of said defendant was entered, which was made absolute on the twenty-eighth day of July, same year.

August 1, 1888, judgment on said default in the attachment suit was rendered before Judge Brevoort in favor of the plaintiff, against said defendant, George Kennedy, in the sum of $3,287.50 and costs of suit.

August 4, 1888, Charles H. Fisk, as attorney for said defendant, Kennedy, entered a motion to set aside said default and judgment for the following reasons:

1. The court had no jurisdiction over this defendant.
2. No declaration was filed before default, or at any time.
3. The time within which, by the rules of the court, the defendant might appear, had not expired when said default was taken.

This motion was heard on affidavits, and the files and records of the court in the case, and denied with costs, August 28, 1888. In the meantime, and on the ninth day of June, 1888, McLellan and Anderson filed their disclosure to the

writ of garnishment, denying that they were owing anything to George Kennedy, and averring that they had no money, property, goods, chattels, credits, or effects in their hands, or within their custody or control, belonging to him. They further disclosed—

" That sometime in April of 1887, one Henry Kennedy, whom these deponents have been informed is a brother of said George Kennedy, came to deponents, having in his possession two policies of life insurance,—one issued by the Connecticut Mutual Life Insurance Company as a paid-up policy, or one upon which no further premiums will become due, and agreeing to pay the sum of ten hundred and twelve dollars ($1,012.00) upon the death of James H. Kennedy.

" The other one issued by the Mutual Life Insurance Company of New York, in and by which that company agreed to pay the sum of one thousand dollars ($1,000.00) upon the death of said James H. Kennedy, the said last-mentioned policy having become, by its terms, self-sustaining, or one in which no further premiums would be called for.

" And the said Henry Kennedy assigned to deponents whatever interest he had, or might thereafter have, and all sums of money that he expected to get by reason of the said two policies of insurance, of which he and his brother, George Kennedy, were the joint beneficiaries."

And that they have been informed that the assured, James H. Kennedy, died May 11, 1888; and that they were notified, after the service upon them of the writ of garnishment, that George Kennedy had assigned his interest in said policies of insurance.

This assignment, however, turns out to have been made subsequently to the service of the writ of garnishment upon them.

An issue was framed on this disclosure, and a trial had in November, 1888, before Judge Hosmer of the Wayne circuit court. Verdict and judgment for the defendants were directed; the circuit judge holding that the policies of insurance were not susceptible of being reached in this way. He also held the judgment in the attachment suit invalid; that,

when the writ was returned unserved, it became the duty of the plaintiff, and it was essential, to issue an *alias* writ, in order to keep the garnishment suit alive, and— .

"That there was such an hiatus after the return of the writ of attachment, and the return of the writ in garnishment, that all the proceedings went down."

The plaintiff brings error.

To sustain this judgment, the counsel for the defendants assert—

1. That there was no jurisdiction over the principal defendant, and consequently no valid judgment ever rendered.

2. That the policies in defendants' hands were not proper subjects of garnishment.

Under this second contention, the point is made that these policies were payable jointly to Henry T. Kennedy and George Kennedy. The proofs disclose that the policies were payable, at the death of James H. Kennedy, one to—

"George and Henry T. Kennedy, sons of Hanna M. Kennedy, deceased wife of said insured, or their legal representatives,"—

90 days after due notice to the company of such death; and the other was issued in favor of Hanna M. Kennedy, and payable to her should she be living at the time of said James H. Kennedy's death, and otherwise to her children. The children were not named in the policy.

These policies were in the hands of the garnishee defendants, not by any act of the defendant George Kennedy, with whom they had no dealings or relations whatever, but by the act of Henry T. Kennedy, who had an interest with George in them, and who had assigned his interest in them to the garnishee defendants, and placed them in their possession, as collateral security for the payment of a loan which he had made of the said defendants.

If these insurance policies can be reached at all by garnish-

ment, the proceedings to recover and transfer to the plaintiff the interest of the principal defendant, George Kennedy, therein, must be taken under section 8064 of Howell's Statutes, which provides:

"If upon the disclosure, or the trial of the statutory issue hereinafter provided for, it shall appear that the garnishee had in his possession at the time of the service of the process upon him, or thereafter, any promissory note, bill of exchange, order, receipt, bond, or other written promise for the payment of money, or the delivery of property, belonging to the principal defendant, the garnishee shall deliver the same to the commissioner or other person appointed by the judge or commissioner as a receiver, if by him or the courts so ordered; and it shall be his duty, under the direction of the court, to collect and apply the proceeds upon any execution in favor of the plaintiff, and against the garnishee, and to pay him the surplus, if any."

No provision is made by this statute to reach a promissory note, or other promise for the payment of money, which belongs jointly to the defendant and a third person. It was held in *Markham v. Gehan*, 42 Mich. 74 (3 N. W. Rep. 262), that the process of garnishment would not reach a demand due in part only to the principal defendant. Under this holding, it is doubtful if the insurance companies issuing the policies could have been garnished by the plaintiff, as the debt owing by them upon these policies was due, not to George Kennedy alone, but to George and Henry T. jointly. If it be said that plainly, under the terms of these policies, one-half of the sum due upon them was payable to George Kennedy, and there could be no difficulty in determining and separating out the amount to be reached as belonging to him, still another difficulty arises in the case. It is clear that Henry T. Kennedy had as much right to the possession of these policies as George. They were in his possession, and presumedly rightfully so, at the time of his assignment of his right, title, and interest in them to the garnishee defendants to secure the loan made by them to him. The record

shows that the payment of the loan would not exhaust his interest in them. He was, therefore, at the time of the trial, a party interested in the disposition of these securities, and had a right to be heard in reference thereto.

What the plaintiff asked, and all he could ask under the statute, in the court below, was that a commissioner be appointed, and an order made, under the provisions of section 8064, above referred to. Could the court, under the circumstances, make such an order without notice to Henry T. Kennedy, and take these policies out of his hands, or the hands of his depositaries, without his being heard, or being given a chance to be heard, in the premises? We think not.

It was said in *Lyon v. Ballentine,* 63 Mich. 105 (29 N. W. Rep. 837), in discussing the question of the right to determine a garnishee's holding of property void as against the plaintiff in the principal suit, even though in good faith and valid between the garnishee defendant and principal defendant, that, to the extent this may be done,—

" The proceeding [in garnishment] must be governed by equitable principles, and it never can be done in this proceeding, or any other, until all persons, whether natural or artificial, who have substantial interests in the property, have been in some manner properly brought before the court."

Provision was made in the Public Acts of 1885 for bringing into the case any person shown, by the disclosure of the garnishee, to have a claim to the indebtedness or property in his hands, *or a part thereof.* Public Acts of 1885, pp. 242, 243. But in the present case no steps were taken to notify Henry T. Kennedy of the pendency of the proceedings, or to make him a party thereto, under this statute.

It is contended that a stipulation signed by the parties in this cause, and also by Charles H. Fisk, as assignee of George Kennedy, and by George C. Wetherbee, guardian of Lida M. Kennedy, who is now the owner of Henry T. Kennedy's interest in these policies, filed May 6, 1889, obviates the

difficulty, as it is provided in such stipulation that the garnishee defendants may collect the money upon the policies, and pay one-half of the same to the said guardian of Lida M. Kennedy, and the balance, being the interest of George Kennedy, may be held by them to await and abide the issue of this suit,—

"And that their liability therefor in this suit shall be the same as their liability for the policies themselves."

But the case here must stand as it was at the time of the trial in the court below; and it is evident, from the last clause in said stipulation above quoted, that the parties so understood and intended the effect of the stipulation when it was entered into.

It has been held so many times in this State that garnishee proceedings must follow the statutes strictly, and cannot be extended beyond the plain letter of them, that it is unnecessary to cite the numerous decisions so holding.

We are not inclined to go any further into the case to discuss the validity of the judgment against the principal defendant. It is clear that the policies of insurance could not be taken away from the garnishee defendants, the depositaries of Henry T. Kennedy, and put in the hands of a commissioner for collection, without his consent, or his being made a party to the proceedings, as contemplated by the statute of 1885. This is so, for the simple reason that the statute nowhere authorizes it to be done. The statute quoted in full in this opinion (How. Stat. § 8064) only gives this power in case the note, bill of exchange, receipt, bond, or other written promise for the payment of money belongs to the principal defendant. It does not reach a case where such instruments belong to the principal defendant and another jointly, unless it may do so when supplemented by the proceedings prescribed in the Public Acts of 1885. Nothing was done in this case under the law of 1885.

It is suggested that it did not appear until the trial that

the assignment from Henry T. Kennedy was as a security, and not absolute; that Kennedy's interest was thus disclosed for the first time; that then, on the trial, when such fact was ascertained, the plaintiff would have been entitled to an order to bring said Kennedy into court, under this statute of 1885; and that, if it be found that the judgment against the principal defendant is a valid one, the judgment of the court below in this, the garnishee case, should not be affirmed, but reversed, in order that the plaintiff may bring the said Henry T. in, and proceed under the law of 1885. This we cannot do. The attorney for plaintiff saw fit to submit his case in the court below without taking, or attempting to take, advantage of this statute.

The judgment as rendered in the circuit was right as the case stood, and all we can do is to affirm it. It will be so affirmed, with costs.

The other Justices concurred.