## WASHINGTON COUNTY.

LUCIUS D. BROWN *vs*. CHRISTOPHER COLLINS.

In garnishment the garnishing plaintiff can obtain no greater right against the garnishee than the principal debtor would have if himself suing the garnishee. Hence, when under a contract with a husband and his wife jointly money was due to the husband and wife jointly, such money cannot be garnished in proceedings against the husband alone as a debt due to him.

EXCEPTIONS to the Court of Common Pleas.

*Providence, March 30, 1893.* MATTESON, C. J. This is an action of *assumpsit* originally brought in the District Court of the third judicial district and taken by appeal from that court to the Court of Common Pleas, in which judgment was rendered at the November term, 1891, for the plaintiff for his damages and costs. Service of the writ had been made on the town of Westerly for the purpose of attaching the personal estate of the defendant in its possession as the debtor of the defendant. The Court of Common Pleas, on the plaintiff's motion, charged the garnishee in the sum of $66.66. The case is before us on exception to the ruling charging the garnishee.

It appeared from the disclosure of the garnishee by its treasurer, and the testimony of its overseer of the poor, that the latter made a contract in behalf of the town of Westerly with the defendant and his wife to take charge during the year 1889 of the town's farm, its almshouse, and the inmates of the almshouse, for which services they should receive the sum of $400. The contract provided for no apportionment of this sum between the defendant and his wife, and specified no time of payment. Payments were in fact made quarterly to the defendant, the last on July 1, 1889, about two months prior to the service of the writ on the garnishee. For some of the payments the overseer of the poor took the joint receipts of the defendant and his wife.

We think the court below erred in its ruling charging the garnishee. The contract between the garnishee and the de-

fendant and his wife, was a joint contract on the part of the defendant and his wife on which no suit could have been maintained by the defendant alone. *Hopkins* v. *Angell*, 13 R. I. 670. It is a well established rule governing the right of attachment by trustee process that the plaintiff can have no greater right against the garnishee than the defendant, or principal debtor, would have, and can be in no better position as to the garnishee than the principal debtor would be if himself suing the garnishee. *Waldron* v. *Wilcox*, 13 R. I. 518, 520; *Carpenter* v. *Gay*, 12 R. I. 306, 307; *Smith* v. *Millett*, 11 R. I. 528, 534, 535. It follows, that as the defendant Collins could not alone have maintained a suit on the contract against the garnishee, but, the contract being jointly with himself and wife, must, of necessity, have joined his wife in the suit, the plaintiff can be in no better position as to the garnishee than the defendant himself would have been, and hence could not attach the moneys in the possession of the garnishee which the defendant could not have sued for alone, and which belonged, not to the defendant alone, but to him and his wife jointly.

Judgment of the court of Common Pleas for the plaintiff against the defendant for damages and costs affirmed. Judgment of that court charging the garnishee vacated. No costs of this court to either party.

*Albert B. Crafts*, for plaintiff.

*Charles Perrin*, for defendant and for the garnishee.