EPHRAIM B. STILLINGS *vs.* JOHN YOUNG & another, trustees.

Suffolk. March 2, 1894. — May 16, 1894.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ

*Scire Facias — Trustee Process — Debt due to Copartnership.*

The fact that a person charged as trustee is indebted to the defendant and another jointly as copartners is not matter of abatement to be pleaded by the alleged trustee in the original action, but may be pleaded in answer to a *scire facias* against him.

A person from whom money is due to a copartnership is not chargeable as trustee in an action against one of the partners.

SCIRE FACIAS on a judgment against one Turner and the defendants as trustees. Writ dated August 25, 1891. At the hearing in the Superior Court, before *Thompson*, J., it appeared that the plaintiff on the first Monday of June, 1891, recovered judgment against one Turner, and that thereafter the defendants were adjudged trustees. On June 17 execution issued against Turner and the defendants as his trustees, and payment thereof having been demanded of Turner and the defendant Glass, and by them refused, it was on August 15 returned into court unsatisfied.

The defendants requested the judge to rule, that upon the evidence the action had been prematurely brought, and could not be maintained; that the answer and sworn statement of the defendants must be regarded as true, and could not be con-

tradicted by the plaintiff; and that upon the evidence, as set f rth in their answer, the goods, effects, and credits in the hands of the defendants belonged to the firm composed of Turner and one Rideout, copartners, and could not be attached by the plaintiff as the goods, effects, and credits of Turner alone.

The judge declined to rule as requested, and ordered judgment for the plaintiff; and the defendants alleged exceptions.

*A. M. Lyman*, for the defendants.

*H. L. Baker*, for the plaintiff.

BARKER, J. The exceptions must be sustained because the answer of the defendants, that the money owing from them to Turner was due to him and one Rideout as copartners, was one which the defendants could make, and which must be regarded as true. Pub. Sts. c. 183, § 53. *Varian* v. *New England Mutual Accident Association*, 156 Mass. 1, 3, and cases cited. *Bostwick* v. *Bass*, 99 Mass. 469. That the debt was due to Turner and Rideout jointly as copartners was not matter of abatement, to be pleaded by the alleged trustees in the original action. They were not chargeable as trustees of Turner in respect of the debt due to his copartnership. *Hawes* v. *Waltham*, 18 Pick. 451. *Bulfinch* v. *Winchenbach*, 3 Allen, 161.

*Exceptions sustained.*