SCHOMBERG HARDWOOD LUMBER COMPANY, Appellant, vs.
ENGEL, Respondent.

*April 4—April 22, 1902.*

*Appeal: Defective return: Dismissal: Garnishment.*

1. Where a part of the papers used by the parties on a motion, and
   upon which an order appealed from was based, have not been
   transmitted to this court, as required by sec. 3050, Stats. 1898,
   and Supreme Court Rule V, the appeal will be dismissed.
2. The principal defendant, having the right under sec. 2765, Stats.
   1898, to defend the garnishee action, may appear specially and
   move to dismiss the action against the garnishee.

APPEAL from an order of the circuit court for Milwaukee
county: EUGENE S. ELLIOTT, Circuit Judge. *Dismissed.*

For the appellant there was a brief by *J. F. Woodmansee,*
attorney, and *Lyman G. Wheeler,* of counsel, and oral argu-
ment by *Mr. Woodmansee.*

For the respondent there was a brief by *Bloodgood, Kemper
& Bloodgood,* and *Wheeler P. Bloodgood* of counsel, and oral
argument by *Wheeler P. Bloodgood.*

CASSODAY, C. J. It is undisputed that April 30, 1901,
and upon the requisite affidavit on behalf of the plaintiff, the
garnishee summons in this action was duly served upon the
Tegge Lumber Company by the sheriff, who returned and in-
dorsed thereon his failure to find *George Engel,* the principal
defendant, for service after due diligence used for that pur-
pose; that May 27, 1901, the attorneys for *George Engel* ap-
peared specially for the purpose of the motion only, and for
no other purpose, and obtained from the trial court an order
to show cause why the service of the summons therein should
not be set aside and vacated, and the action dismissed. The
order to show cause was based upon the records, files, and
proceedings therein, and the affidavit of Wheeler P. Blood-

good, thereunto annexed, which stated, in effect, such special appearance for *George Engel;* that he was at the time a resident of Cadillac, Michigan, and had his place of business at Grand Rapids, Michigan; that such facts were well known to the plaintiff at the time of the commencement of the action, and the making of the affidavit for publication on file therein, and the fact of such residence and place of business in Michigan, so stated therein; that no summons had ever been issued in the principal action; that no action had ever been commenced by the plaintiff against *George Engel;* that all papers on file were entitled in the garnishee action; that at the time of making the order of publication (May 4, 1901) no complaint had been made or filed in the principal action, nor any affidavit upon which to base such order; that the papers so on file therein failed to describe or specify any property of *Engel* within the state of Wisconsin, or to describe any property alleged to belong to him within the state liable to be seized on attachment or execution, or reached by garnishment process.

In answer to such order to show cause, the attorney for the plaintiff presented an affidavit to the effect that April 27, 1901, a summons in the principal action was made, signed, and held by him for the purpose of making due service on *George Engel* in case he came to this state; that April 29, 1901, he issued the garnishee summons, as stated; that April 27, 1901, he prepared a summons, complaint, affidavit, and order for publication, but discarded them when he was informed by an attorney in Milwaukee that they were improperly entitled in the garnishee action.

Upon such moving papers, and upon the records, files, and proceedings therein, and upon motion of the attorneys for *George Engel,* it was, June 29, 1901, ordered by the court that the purported service of the summons in the action, and in what purports to be the principal action, although entitled as in the garnishee action, be, and the same were thereby, set

aside and held for naught; and it was further ordered that the action, and the principal action, be, and the same were thereby, dismissed; and it was further ordered that the plaintiff therein pay to the attorneys for the defendant $10 costs of such motion. From such order the plaintiff brings this appeal.

The respondent moves to dismiss the appeal on the ground that a part of the papers used by the respective parties, and upon which the order appealed from was based, have not been transmitted to this court, as required by the statute and Rule V of this court. Sec. 3050, Stats. 1898. As indicated, the motion was based upon the affidavit of Wheeler P. Bloodgood, as well as "upon the records, files, and proceedings" in the garnishee action. That affidavit refers to the complaint, affidavit, and order for publication made and filed in the principal action. Neither of those papers is here. The excuse is that they were entitled in the principal action. But the order appealed from is based upon such "moving papers," as well as "upon the records, files, and proceedings" therein, and hence includes such complaint, affidavit, and order for publication. By reason of their absence from the records we are precluded from considering the order upon the merits. *Glover v. Wells & Mulrooney G. Co.* 93 Wis. 13, 66 N. W. 799; *Hoffman & Billings M. Co. v. Burdick,* 95 Wis. 342, 70 N. W. 470; *Superior C. L. Co. v. Superior,* 104 Wis. 463, 80 N. W. 739; *Ryan v. Philippi,* 108 Wis. 254, 83 N. W. 1103. Under these adjudications, it becomes our duty to dismiss the appeal. As indicated, the principal defendant appeared specially in the case. Under the statute he had the right to defend the garnishee action as well as the principal action. Sec. 2765, Stats. 1898. Certainly he was authorized to make the motion to dismiss.

*By the Court.*—The appeal from the order of the circuit court is dismissed.