BADGER LUMBER COMPANY, Respondent, vs. STERN, Appellant, BATES, Garnishee.

*December 16, 1904—January 10, 1905.*

*Appeal and error: Who may appeal: Garnishment of debt due jointly to defendant and another: Married women: Answer of garnishee: Judgments.*

1. It is competent for the principal defendant to appeal from a judgment against a garnishee.
2. A debt due jointly to the principal defendant and another cannot be reached by garnishment in an action against such defendant alone.
3. Such rule applies to an indebtedness owing by the garnishee to a husband and wife.
4. The answer of a garnishee alleged that he "was indebted to the defendant S.," but that was immediately followed by the allegation that "such indebtedness" was upon a written contract, wherein and whereby he "agreed to pay said S. and Anna S. (his wife) the sum," etc. *Held*, that such statement of fact superseded the general conclusion of indebtedness to S., and it was error to enter judgment thereon against the garnishee.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

It appears from the record that December 15, 1903, the plaintiff commenced this action against the defendant *Richard Stern,* and at the same time garnished the defendant Bates; that Bates, as such garnishee, answered to the effect that he, as such garnishee, was indebted to the defendant

*Richard,* and that such indebtedness was incurred May 21, 1903, by his entering into a written agreement with *Richard Stern* and Anna Stern, his wife, wherein' and whereby he agreed to pay said *Richard* and Anna Stern $300, for which they, when such sum should be fully paid, were to convey to him the forty acres of land therein described; that said sum was to be paid in twelve several instalments, of $25 each, payable on the 21st day of May, July, September, November, January, and March of each year, until fully paid, the first instalment being payable May 21, 1903; that four of such payments had been made prior to the service of the garnishee summons, and that eight payments, aggregating the sum of $200, remained to be paid; that he had the option of paying at any time; that such indebtedness was absolute, and not subject to any contingency, but was not to bear interest; that otherwise he had no property or effects belonging to *Richard Stern.* Judgment by default having been entered in favor of the plaintiff and against *Richard Stern* for $270.05, with costs, and the answer of the garnishee not having been traversed, but accepted and taken by the plaintiff as true, and the cause having been submitted and tried upon such answer, thereupon the court found that Bates was liable to the plaintiff for the amount of such indebtedness in the sum of $200, and ordered judgment to be entered in favor of the plaintiff and against Bates for that amount, less $3 for costs in favor of Bates as such garnishee. From the judgment entered against the garnishee accordingly, the principal defendant, *Richard Stern,* brings this appeal.

For the appellant there was a brief by *Weed & Van Doren,*. and oral argument by *F. C. Weed.*

*F. Y. King,* for the respondent.

CASSODAY, C. J. It was competent for the principal defendant, *Richard,* to appeal from the judgment against the garnishee. Sec. 2765, Stats. 1898; *Veitch v. Cebell,* 105 Wis. 261, 81 N. W. 411; *Schomberg H. L. Co. v. Engel,* 114·

Wis. 273, 90 N. W. 177. Whatever may be the rule in other jurisdictions, it is well settled in this state that a debt due jointly to the principal defendant and another or others cannot be reached by garnishment in an action against such defendant alone. *Singer v. Townsend,* 53 Wis. 226, 10 N. W. 365. This is in harmony with the great weight of authority. We cite a few cases only: *Trickett v. Moore,* 34 Kan. 755, 759, 10 Pac. 147, and cases there cited; *Hawes v. Waltham,* 18 Pick. 451; *Stillings v. Young,* 161 Mass. 287, 37 N. E. 175; *Kennedy v. McLellan,* 76 Mich. 598, 43 N. W. 641; *Hanson v. Davis,* 19 N. H. 133. The reason for the rule is that such principal "defendant could not alone have maintained a suit therefor against the garnishee." 14 Am. & Eng. Ency. of Law (2d ed.) 798, and cases there cited. With the extended rights given to married women by our statutes, we perceive no reason why the same rule should not apply to an indebtedness owing by the garnishee to husband and wife. Secs. 2341–2345, Stats. 1898; *Dayton v. Walsh,* 47 Wis. 113, 2 N. W. 65; *Barker v. Lynch,* 75 Wis. 624, 44 N. W. 826; *Gallagher v. Mjelde,* 98 Wis. 513, 74 N. W. 340, and cases there cited; *Kendall v. Beaudry,* 107 Wis. 180, 83 N. W. 314. True, the answer of the garnishee states, as a conclusion, that he "was and is now indebted to the defendant *Richard Stern;*" but that is immediately followed by stating the fact that "such indebtedness" was upon the written contract mentioned, wherein and whereby he "agreed to pay said *Richard Stern* and Anna Stern the sum of $300," etc. Such statement of fact supersedes such general conclusion.

*By the Court.*—The judgment of the circuit court against the garnishee is reversed, and the cause is remanded with directions to dismiss the garnishee action.

A motion by the respondent to set off judgment for costs in this court against judgment in circuit court was argued by *F. C. Weed* for the appellant, February 21, 1905. The motion was denied March 14, 1905.