LEHNER, Appellant, vs. RUDINGER and others, Defendants: HUBBARD and others, Garnishees and Respondents.

*December. 11, 1924—January 13, 1925.*

*Garnishment: Nature of proceedings: Failure to take issue with answer of garnishee: Waiver of objection.*

1. Garnishment proceedings are purely statutory, and, in order that a plaintiff be entitled to the benefits of this remedy the statutory provisions must be substantially complied with. p. 468.

2. In an action on a note secured by a chattel mortgage, in which the purchasers of a chattel mortgage on the same property, subsequently given but first filed with the town clerk, were garnished, the answer of the garnishees that they purchased the mortgage in good faith was conclusive on plaintiff, under sec. 2763, Stats., and the garnishees were entitled to judgment as a matter of course when plaintiff failed to take issue therewith.   p. 468.

3. An objection of the garnishees, in the nature of a demurrer *ore tenus,* stating that the matter was covered by the pleadings and that the answer of the garnishees stood as an admitted fact, was sufficiently explicit to call the attention of the court to the point that the garnishment action was not at issue.   p. 468.

4. Proceeding to trial without issue joined, but without objection, would in law be deemed a waiver of the failure to join issue. p. 468.

5. The garnishees did not, by permitting one of them to be examined as a witness under sec. 4068, Stats., waive their objection that the garnishment action was not at issue, where counsel stated at the close of the testimony that all of the testimony was taken under objection of counsel, to which the court expressly consented, and to which plaintiff tacitly consented by his silence and by interposing no objection.   p. 468.

APPEAL from a judgment of the circuit court for Waushara county: BYRON B. PARK, Circuit Judge.   *Affirmed.*

The appeal is from a judgment in favor of the garnishee defendants *A. W. Gibbs* and *R. E. Hubbard.*

For the appellant there were briefs by *Lehner & Lehner* of Oconto Falls, and oral argument by *Adolph P. Lehner.*

*James A. Stone* of Reedsburg, for the respondents.

DOERFLER, J.   Plaintiff was the owner and holder of a promissory note for the sum of $962.75, executed by the defendant Rudinger on May 16, 1921, which note was secured by a chattel mortgage executed contemporaneously with said note and filed with the proper town clerk on June 2, 1921.   On May 28, 1921, Rudinger executed and delivered to one J. E. Darling a chattel mortgage on the same property to secure the payment of a promissory note for

the sum of $500, which mortgage was duly filed on the day of its execution in the office of the proper town clerk. Thereafter, on the 11th day of April, 1923, the said Darling, for a valuable consideration, assigned and transferred his mortgage, together with the note secured by such mortgage, to the garnishees, *A. W. Gibbs* and *R. E. Hubbard,* which said assignment was on the following day filed in the office of the town clerk. It will thus appear that the mortgage of the plaintiff was prior in execution to the Darling mortgage, but that the latter was filed first.

Rudinger advertised the mortgaged property for sale, and at the time of the sale both the plaintiff herein and the garnishees, *A. W. Gibbs* and *R. E. Hubbard,* appeared and entered into a stipulation whereby they consented thereto, it being agreed that the proceeds of the sale be deposited by *Darwin Follett,* the clerk at the sale and one of the garnishees, in the Peoples State Bank of Coloma, "subject to a determination of the rights of the parties by a proper court."

In an action brought by the plaintiff against the defendant Rudinger, garnishee proceedings were duly instituted against the defendants *Follett* and *A. W. Gibbs* and *R. E. Hubbard.* The garnishees, *Gibbs* and *Hubbard,* served and filed an answer to plaintiff's affidavit of garnishment, in which, among other things, they set forth the facts hereinbefore alleged, and such answer, among others, contained the following allegation:

"That on the 11th day of April, 1923, these answering defendants for a good and valuable consideration and in due course of business and in good faith purchased of the said J. E. Darling and received from him an assignment of the said mortgage and the note secured thereby. . . ."

No issue was taken upon the answer of said garnishees, and when the garnishment action was reached for trial the plaintiff called *Gibbs,* one of the garnishees, as an adverse witness, under sec. 4068 of the Statutes. Counsel for the garnishees thereupon entered the following objection: "We

object to any examination here, because the whole matter, from our standpoint, is covered by the pleadings, and the answer which stands as an admitted fact in this case." This objection was overruled by the court. The examination of *Gibbs* proceeded. Upon the conclusion of the evidence counsel for the garnishees made the following statement to the court: "All this is taken subject to the objection," to which the court answered "Yes." Plaintiff's counsel claims that counsel for the garnishees participated in this examination, and it appears from the record that the sole participation of garnishees' counsel in such examination consisted of an admission that the garnishees were copartners and an objection to the competency, relevancy, and materiality of an inquiry made by plaintiff's counsel as to whether or not the garnishees filed a claim for a lien for certain work which they had done for Darling, which work formed the basis of the consideration for which the Darling note and chattel mortgage were assigned to the garnishees. As above indicated, however, at the close of the testimony the court ruled that all of the evidence was taken subject to the objection interposed by counsel for the garnishees, to which plaintiff's counsel by his silence tacitly consented.

We have therefore before us a record in the garnishment action which in legal effect, to all intents and purposes, is the same as though the testimony had been taken without any interference whatsoever on the part of counsel for the garnishees.

Counsel for the garnishees contends that under the provisions of sec. 2763, no issue having been taken on the answer of the garnishees, such answer is conclusive upon the plaintiff, and that the garnishees, therefore, were entitled to judgment as a matter of course. Sec. 2763 provides:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated unless the plaintiff shall, within twenty days, serve upon the garnishee a notice in writing that he elects to take issue on his answer,

in which case the issue shall stand for trial as a civil action in which the affidavit on the part of the plaintiff shall be deemed the complaint and the garnishee's affidavit the answer thereto. . . ."

Garnishment proceedings are purely statutory (*Veitch v. Cebell*, 105 Wis. 260, 81 N. W. 411) ; and in order that a plaintiff may be entitled to the benefits of this remedy the statutory provisions must be substantially complied with. Under the very wording of the statute above quoted, the answer of the garnishee becomes conclusive upon the plaintiff unless he elects to take issue therewith. This the plaintiff admittedly failed to do. The garnishee defendants, therefore, were entitled, upon proper objection being interposed, to judgment in their favor. But plaintiff contends that the objection of counsel for the garnishees was not sufficiently explicit, and that the court's attention was not directly called to the point that the garnishment action was not at issue. The objection as interposed was in the nature of a demurrer *ore tenus,* it being claimed by objecting counsel that the matter was covered by the pleadings, and particularly the answer of the garnishees, "which answer stands as an admitted fact in this case." It would appear to us conclusively that the objection was made in due time, and in a proper, lawyerlike manner.

The claim made by plaintiff that the garnishees participated in the examination and therefore waived their objection cannot be sustained under the record, particularly in view of the statement made by counsel for the garnishees at the close of the testimony that all of the testimony was taken under objection of counsel, to which the court expressly consented, and to which the plaintiff tacitly consented by his silence and by interposing no objection. It is true that if the trial had proceeded without issue joined and without objection on the part of counsel for the garnishees, such failure to join issue would in law be deemed waived. *Singer v. Townsend,* 53 Wis. 126, 10 N. W. 365. But here a proper objection was interposed timely, and no application was

Southern C. Co. v. Howard Cole & Co. 185 Wis. 469.

made to the court by the plaintiff for permission to serve notice of election to take issue upon the answer of the garnishees. Such being the case, the garnishees were clearly entitled to judgment. *Davis v. Pawlette,* 3 Wis. 300; 20 Cyc. 1098, and cases cited in note 97.

While the court ordered judgment in favor of the garnishees on a different theory, viz. that plaintiff's chattel mortgage was void as to the garnishees, *Gibbs* and *Hubbard,* on the ground that the Darling mortgage was filed prior to the time of the filing of plaintiff's mortgage, the correctness of such holding will not be considered in this opinion, as our conclusions above indicated are fully decisive of the garnishment action.

*By the Court.*—Judgment affirmed.