BATTJES FUEL & BUILDING MATERIAL CO. *v.*
MILANOWSKI.

1. HUSBAND AND WIFE—INTEREST IN CONTRACT ON LAND SOLD AS
   TENANTS BY ENTIRETIES NONSEVERABLE.
   Under Act No. 126, Pub. Acts 1925, a husband and wife
   who sell on contract land owned by them as tenants by
   the entireties, have a nonseverable interest in said con-
   tract with full rights to the survivor, unless otherwise
   expressly provided in the contract.[1]

2. GARNISHMENT—HUSBAND AND WIFE—JOINT FUND NOT SUBJECT
   TO GARNISHMENT FOR HUSBAND'S DEBTS.
   Money due and payable to a husband and wife on a con-
   tract on land sold by them as tenants by the entireties
   is a joint fund, and, therefore, is not subject to garnish-
   ment for the husband's debts.[2]

Case-made from Kent; Brown (William B.), J.
Submitted October 21, 1926.    (Docket No. 56.)    De-
cided December 8, 1926.

Garnishment proceedings by the Battjes Fuel &
Building Material Company against Edward Milanow-
ski, principal defendant, and Richard Peterson and
Anna Peterson, garnishee defendants.    Edward Mil-
anowski and Frances Milanowski were allowed to in-
terplead as joint defendants.    From an order grant-
ing a motion to dismiss, plaintiff appeals.    Affirmed.

*Hilding & Hilding* and *Robert S. Tubbs,* for appel-
lant.

*J. T. & T. F. McAllister,* for appellees.

WIEST, J.    Plaintiff has a judgment against Edward

---

[1]Husband and Wife, 30 C. J. § 102 (Anno); [2]Garnishment, 28
C. J. § 125.

Milanowski.    Under writ of garnishment, sued out by plaintiff, garnishee defendants Richard and Anna Peterson made the following disclosure:

"That at the date of the service of the writ of garnishment, herein, the above named garnishee defendants were indebted to the above named principal defendant in the sum of forty-four hundred eighty-nine and 37-100 ($4,489.37) dollars; which amount is due on a land contract between Edward Milanowski and wife, Frances Milanowski, and Richard Peterson and Anna Peterson, dated the tenth day of November, 1925, and payable thirty-five dollars ($35) on the fifth day of each month, plus interest at the rate of six and a half per cent., which is to be computed monthly and deducted from the payment of $35 before any shall be credited on principal."

Edward and Frances Milanowski were allowed to interplead and moved to dismiss the garnishment proceeding because the debt disclosed was due to them jointly.    This motion was granted.    We review on case-made.

Edward and Frances Milanowski are husband and wife, and, at the date of the land contract to the Petersons, held the property as tenants by the entirety under a warranty deed.    The circuit judge found as a matter of law:

"That the purchase price money due from Richard Peterson and Anna Peterson, his wife, to Edward Milanowski and Frances Milanowski, husband and wife, tenants by the entirety, is a joint fund.    The judgment upon which the writ of garnishment in this case was issued is the individual debt of Edward Milanowski.    The joint fund due and payable to Edward Milanowski and Frances Milanowski, husband and wife, is not subject to garnishment, for a debt due from Edward Milanowski individually."

Counsel for plaintiff contend that Edward and Frances Milanowski are joint owners and not by the entirety of the payments on the land contract, and such fund may be garnished as personal property on a debt

due from one of such joint owners, or at least to the extent of the interest of the husband therein.    Act No. 126, Pub. Acts 1925, provides that in case a contract for the sale of property owned by husband and wife as tenants by the entirety is entered into by them as vendors, then all payments, together with interest, unless otherwise expressly stated in the contract, shall, after the death of either, be payable to the survivor, and all rights in and under the contract shall vest in the survivor.    This statute recognizes a nonseverable interest of husband and wife in such a contract with full rights to the survivor.    This negatives any right of the husband to a determinable moiety under judicial holding, so long as the contract stands unimpeached for fraud.    The husband could not, in any proceeding known to the law, have judgment determining and separating his interest, and what he cannot have, his creditor, in his place, cannot secure.    If division is made, what part of the payments on the land contract will be set over to Mrs. Milanowski?    If no portion is to be set over to her what authority is there for depriving her of her contract rights?    To the extent of its judgment demand plaintiff seeks to be placed in the shoes of Edward Milanowski with relation to payments on the land contract.    The trouble with this is that the shoes of Frances Milanowski cannot be occupied by plaintiff.    But plaintiff says a husband takes the avails from lands held by husband and wife as tenants by the entirety, and intimates that the same right should prevail in this case, and the creditor take the payments so far as representative of earnings on the investment.

In *Badger Lumber Co.* v. *Stern,* 123 Wis. 618 (101 N. W. 1093), the garnishee held a contract for the purchase of land from a husband and wife, upon which eight payments of $25 each remained to be made and such indebtedness was absolute and not subject to any contingency.    In dismissing the writ the court held:

"Whatever may be the rule in other jurisdictions, it is well settled in this State that a debt due jointly to the principal defendant and another or others cannot be reached by garnishment in an action against such defendant alone. *Singer* v. *Townsend,* 53 Wis. 226 (10 N. W. 365). This is in harmony with the great weight of authority. We cite a few cases only: *Trickett* v. *Moore,* 34 Kan. 755, 759 (10 Pac. 147), and cases there cited; *Hawes* v. *Waltham,* 18 Pick. (Mass.) 451; *Stillings* v. *Young,* 161 Mass. 287 (37 N. E. 175); *Kennedy* v. *McLellan,* 76 Mich. 598; *Hanson* v. *Davis,* 17 N. H. 133. The reason for the rule is that such principal 'defendant could not alone have maintained a suit therefor against the garnishee.' 14 Am. & Eng. Enc. Law (2d Ed.), 798, and cases there cited. With the extended rights given to married women by our statutes, we perceive no reason why the same rule should not apply to an indebtedness owing by the garnishee to husband and wife."

In *Brown* v. *Collins,* 18 R. I. 242 (27 Atl. 329), the debtor and his wife hired out to a town to take charge of an almshouse and were to receive $400. It was sought by garnishment to reach the interest of the husband. In discharging the garnishee the court said:

"The contract between the garnishee and the defendant and his wife was a joint contract on the part of the defendant and his wife on which no suit could have been maintained by the defendant alone. *Hopkins* v. *Angell,* 13 R. I. 670. It is a well-established rule governing the right of attachment by trustee process that the plaintiff can have no greater right against the garnishee than the defendant, or principal debtor, would have, and can be in no better position as to the garnishee than the principal debtor would be if himself suing the garnishee. *Waldron* v. *Wilcox,* 13 R. I. 518, 520; *Carpenter* v. *Gay,* 12 R. I. 306, 307; *Smith* v. *Millett,* 11 R. I. 528, 534, 535. It follows that as the defendant Collins could not alone have maintained his suit on the contract against the garnishee, but, the contract being jointly with himself and wife, must, of necessity, have joined his wife in

236—Mich.—40.

the suit, the plaintiff can be in no better position as to the garnishee than the defendant himself would have been, and hence could not attach the moneys in the possession of the garnishee which the defendant could not have sued for alone, and which belong, not to the defendant alone, but to him and his wife jointly."

In 28 C. J. p. 97, the rule is stated thus:

"By the weight of authority a debt due jointly to defendant and another person not a party defendant cannot be reached by garnishment. This rule is broadly based upon the doctrine that plaintiff's rights cannot rise higher than those which defendant had, and, as defendant could not alone have sued on the claim, plaintiff cannot in effect do so by way of garnishment;" citing in support of the text, among other cases, the following from this court: *Nachtegall* v. *Reilley*, 165 Mich. 347; *Van Bianchi* v. *Wayne Circuit Judge*, 124 Mich. 462; *Kennedy* v. *McLellan*, 76 Mich. 598; *Markham* v. *Gehan*, 42 Mich. 74.

See, also, *Stone* v. *Dowling*, 119 Mich. 476.

Counsel for plaintiff insist that such cases are inapplicable. We think the cases applicable.

It is true, as also stated in 28 C. J. p. 98, that:

"In some jurisdictions credits jointly owned by defendant and another may be reached by garnishment;" citing cases briefed by counsel for plaintiff.

It is also set forth in 28 C. J. p. 98 that:

"It has been held that the reasons of the rule against levy by garnishment upon joint interests in an action against less than all the joint owners do not obtain where there are statutory provisions for interpleading the persons jointly interested with defendant; but the rule has been declared and enforced notwithstanding such provisions;" citing to the latter effect *Nachtegall* v. *Reilley, supra.*

While the garnishment statute permits, to some extent, equitable considerations to prevail under an issue somewhat in the nature of a bill of interpleader it

does not operate as a judgment creditor's bill.    This record does not impeach the holding of Mrs. Milanow- ski by the entirety of payments on the land contract.

In *Murphy* v. *Michigan Trust Co.*, 221 Mich. 243, attention was called to a statute making deposits in banks payable to either of two persons, or the survivor of them, the property of such persons as joint tenants and payable to *either* during the lifetime of both.    If the money here garnished was in a bank under such a form of deposit it would admit of application of the rule in the *Murphy Case,* and also in *Darst* v. *Awe,* 235 Mich. 1, for it would involve only the interests of joint tenants in a fund payable to *either.*    This would open the way for the court to determine whether the fund belonged in whole or in part to the principal defendant and this would be solved by the statute mentioned if he could draw it out or enforce payment and the garnishee would be protected.    But such is not this case.    Here we have a different situation and another statute.    The statute with reference to land contracts above mentioned is intended to carry on the protection afforded the owners in their holdings by the entireties of the property sold on contract.    An indebtedness arising under land contract, where the vendors held the property by the entirety, and payable to the vendors, is not payable to one alone, and such a contract is sanctioned by the statute and carries out, with reference to payments, the rule of law relating to holdings by the entirety.

Upon this record the judgment must be and is affirmed, with costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.