*Decision will be entered under Rule 50.*

HERMAN GESSNER, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77506.  Promulgated August 23, 1935.

*William J. Murray, Esq.,* for the petitioner.
*T. G. Histon, Esq.,* for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1931 of $424.90. The point in issue is whether the petitioner is liable for income tax upon all of the income from property held by himself and his wife as tenants by the entireties or is liable for income tax upon only one half of such income.

The facts were stipulated as follows:

1. Petitioner was during the taxable year 1931 living with his wife, Anna Gessner, and both spouses elected to file and did file separate income tax returns for that year.

2. Petitioner and his wife owned, in fee simple, as tenants by the entireties, certain real estate known and described as: "Lots 9 and 10 of Block 32; West 100 feet of Block 38; West half of lot 10, east 45 feet of lot 11, and entire lot 12 of block 75 of the original plat of the village (now City) of Escanaba, Michigan."

And hereinafter known as:

Store building—Fair Store,
Store building—Kinney Store,
Store building—Kresge Store.

3. The gross rental income of the aforementioned properties amounted to $21,600 for the year 1931.

4. The petitioner included in his separate return for the year 1931 one-half of such rentals as follows:

| Name of Store | Gross Income | Depreciation | Insurance | Net Income Reported |
|---|---|---|---|---|
| Store Building, Fair Store | $6,000.00 | $825.00 | $256.87 | $4,918.13 |
| Store Building, Kinney Store | 1,500.00 | 65.00 | | 1,435.00 |
| Store Building, Kresge Store | 3,300.00 | 685.75 | | 2,614.25 |
| | $10,800.00 | | | $8,967.38 |

5. Petitioner's wife reported on her separate return for the year 1931 one-half of such rentals as follows:

| Name of Store | Gross Income | Depreciation | Insurance | Net Income Reported |
|---|---|---|---|---|
| Store Building, Fair Store | $6,000.00 | $825.00 | $256.87 | $4,918.13 |
| Store Building, Kinney Store | 1,500.00 | 65.00 | 37.50 | 1,397.50 |
| Store Building, Kresge Store | 3,300.00 | 685.75 | | 2,614.25 |
| | $10,800.00 | | | $8,929.88 |

6. The Commissioner, in his notice of deficiency has added to petitioner's income the sum of $8,929.88, representing the portion of the aforesaid rentals returned by petitioner's wife less the expense deducted therefrom upon her return.

The respondent contends that the entire amount of income from realty held by husband and wife as tenants by the entireties in the State of Michigan is taxable to the husband.

In *Commissioner* v. *Hart*, 76 Fed. (2d) 864, affirming 27 B. T. A. 528, it was held that where husband and wife sold on " land contract " real estate held by them as tenants by the entirety under the laws of Michigan, interest payments on deferred installments under such contract received by them in 1928–1929 were taxable one half to the husband and one half to the wife. In the course of its opinion the court stated:

In a previous consideration of Act 212 (*Hiller* v. *Olmstead*, 54 Fed. [2d] 5), we expressed the view that it in effect created an estate by the entirety in " all bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness, hereafter made payable to persons who are husband and wife." While decision did not require an interpretation of the act, the view there expressed reinforces our present conclusion.

It having been apparently conceded both before the Board and here that if the Board's interpretation of Act 212 was erroneous, and if the income here involved was derived from an estate by the entirety, it was all taxable as the income of the respondent, we announced an opinion on January 8, 1934, setting aside the Board's decision. This was on the ground that one of the incidents of an estate by entirety under Michigan law is that the husband has control of the property and the right to receive and dispose of income therefrom, citing *Morrill* v. *Morrill*, 138 Mich. 112. We are now convinced by a study of the Michigan cases discussed in the brief supporting the petition for rehearing, and in the brief of *amicus curiae*, submitted to us at our request, that the rule apparently announced in *Morrill* v. *Morrill* is no longer the law of Michigan, if ever it was. *Battjes Fuel & Building Material Co.* v. *Milanowski*, 236 Mich. 622; *Peoples State Bank of Pontiac* v. *Reckling*, 252 Mich. 833; *American State Trust Co.* v. *Rosenthal*, 255 Mich. 157; *Bankers Trust Co.* v. *Humber*, 264 Mich. 71. It is clearly the holding of these cases that payments due upon a contract for the sale of land held by husband and wife as tenants by the entireties cannot be reached in garnishment by the husband's creditors, that rent from property so held is not subject to garnishment by creditors of the husband, and that the rents, profits, or income of such property is not subject to process under a judgment creditor's bill in equity at the instance of the husband's creditors. The holding by the entireties in Michigan is therefore entirely analogous to the community holding involved in *Poe, Collector of Internal Revenue*, v. *Seaborn*, 282 U. S. 101, and income therefrom is not taxable to the husband alone. *Cooley* v. *Commissioner*, —— Fed. 2d —— (C. C. A. 1), decided Jan. 31, 1935, being based on a rule of property in Massachusetts does not persuade us to the contrary. It follows that even though the Board applied an erroneous construction of the Michigan statute, its decision is right. Our former opinion is therefore withdrawn, and the order of the Board of Tax Appeals is sustained.

We are of opinion that the decision of the court in the above cited case is dispositive of the issue herein presented. The petitioner is not liable for income tax for 1931 upon $8,929.88 representing a portion of the rentals from the entirety property returned by petitioner's wife less the expense deducted therefrom upon her return.

*Judgment will be entered under Rule 50.*