## Wright C. Allen v. Isaac D. Hazen.

*Garnishee proceedings: Judgment: Service: Default: Recital:* `Under-sheriff.* In garnishee proceedings the objection to the judgment against the principal defendant, that the order of default purports to be based on a return of service made by the under-sheriff, in his own name, is not well taken: the recital, in such order, was unimportant, since it appears that the return was in fact made in proper form; but, if the return had been as indicated by such recital, it would have been good.—*Calender v. Olcott. 1 Mich., 344.*

*Declaration: Service: Copy: Entitling.* Nor is the objection in such proceedings to such judgment that, in the copy of the declaration served, the name of the county in the entitling was omitted, a valid one: this error in the copy could mislead no one, and the principal defendant himself, does not appear to object to it.

*Garnishee: Disclosure: Answer: Admissions.* The disclosure of a garnishee is the answer of a party, and analogous in its functions to an answer in chancery; it does not stand upon the same footing as the testimony of a witness; whatever is admitted by it may be treated as established.

*Disclosure of garnishee: Deed: Waiver.* Where the disclosure of a garnishee sets forth the giving of a deed, and the consideration for which it was given, any objection to this manner of proving the deed and consideration, is thereby ·vaived.

*Disclosure: Admission: Warranty deed.* The admission in such disclosure, of the giving of a "warranty deed" is construed as admitting a deed with a covenant upon which the grantor would become liable if his grantee was dispossessed under paramount title.—*Dwight v. Cutler, 3 Mich., 566.*

*Garnishee: Disclosure.* A disclosure of a garnishee which sets out the giving of a warranty deed of certain lands, by the garnishee to the principal defendant, for a consideration named, and the dispossession of the principal defendant by legal proceedings under a paramount title, is sufficient to render the garnishee liable for the amount of the consideration money.

*Heard October 26. Decided November 7.*

Case made from Kent Circuit.

ALLEN *v.* HAZEN.

*Wood & Allen,* for plaintiff.

*John T. Holmes,* for defendant.

COOLEY, J.

The defendant is proceeded against as the debtor of Gilbert C. Hubbard, against whom the plaintiff has obtained judgment. It is objected that this judgment is ineffectual, because, *first,* the order of default purports to be based on a return of service made by the under-sheriff in his own name; and *second,* an affidavit had been placed on file showing that an error occurred in the copy of declaration served, consisting in the omission of the name of the county in the entitling.

There is nothing in either of these objections. The recital in the order for default was unimportant, and the return appears in fact to have been made in proper form. It would not, however, have been bad if made as indicated in the recital.—*Calender v. Olcott, 1 Mich., 344.* The error in the copy of the declaration could mislead no one, and Hubbard does not appear to make complaint of it. We are, therefore, under no necessity of considering whether these objections, if of any force, could avail in this proceeding.

The important questions in the case arise upon the answer of the defendant as garnishee. In that he states that he conveyed to Hubbard, on the fifteenth day of December, 1863, " by warranty deed," a certain piece of land described, for a consideration mentioned, which land was afterwards claimed by one Chase, who brought suit therefor in the United States circuit court. To understand how the questions arise, it is necessary to state that a statutory issue was made up, and that on the trial thereof, there was other evidence showing that

after Chase brought suit, Hubbard notified defendant thereof, and told him he must defend; that defendant requested Hubbard to make defense, which he did; that judgment was recovered against him in July, 1865, and he paid costs to the amount of eighty dollars; that Hubbard then inquired of defendant whether he should surrender possession voluntarily, or wait to be put out, and defendant, expressing some fears that his rights would be injuriously affected if he left without the compulsion of a writ of possession, referred Hubbard to defendant's lawyer for advice; that receiving advice that rights would not be affected by leaving peacefully, Hubbard did so, but afterwards took a new trial in the ejectment suit, which resulted in a second judgment against him; whereby it is claimed the liability of defendant to Hubbard for the amount of the consideration money, admitted to have been been paid to him for the land, and also for the costs paid, became fixed. And it was upon this liability that it was sought to charge defendant in this proceeding.

On the trial, the garnishee's answer was offered in evidence, but objected to and rejected on the ground that, by means thereof it was sought by parol to prove the contents of the deed which was not produced.

We think the court misapprehended the nature and purpose of the garnishee's disclosure, when rejecting it as evidence. The disclosure does not stand upon the same footing as the testimony of a witness; it is the answer of a party; and the plaintiff may take judgment upon it if it discloses a liability, unless the garnishee demands a trial. And if a trial is demanded, the disclosure is evidence for the plaintiff, and the garnishee is not even permitted to show errors or mistakes therein, except in the discretion of the court (*Sess. L. 1861, p. 564,* § *15*), a discretion, however, which ought to be liberally exercised where the dis-

closure is made without the assistance of counsel. Such being the statute, it is manifest that the disclosure is somewhat analogous in its function to an answer in chancery; whatever is admitted by it the plaintiff may treat as established, and he is under no necessity to call witnesses to the same points, when the only purpose could be to support an admission which has been made by a party deliberately and against his own interest.

We do not hold, however, that the garnishee could be compelled to testify to the contents of written instruments which might be, but are not, produced. That question is not before us. The disclosure here, so far as appears, was voluntary, and the garnishee, without objection, proceeded to state the giving of the deed, and what was its consideration. By so doing, he waived any objection he might otherwise have made to the deed being proved in this form.

But it is also argued for the defendant that proof of a "warranty deed," without any showing what the covenants were, was not sufficient for the purposes of the case, because there are various covenants of warranty, and it is quite possible that those contained in the deed in question may have been such as did not involve a liability on failure of title. It is certainly possible that there may have been such covenants, but a deed containing no others would not, we apprehend, be considered a warranty deed or be called such, either in common or legal parlance. The defendant describes this as a warranty deed; and though he contests the point of liability upon the proofs given to establish a breach of his undertaking, he has not contested the fact— unless the objection to his own evidence can be called contesting it—that by the deed he had undertaken to defend the possession he assumed to give.

In *Dwight v. Cutler*, *3 Mich.*, *566*, it was held in an able opinion delivered by *Douglass J.*, that an agreement to

convey land implied an understanding to give the usual deed therefor, and that the usual deed must be understood to be a warranty deed; that is to say, a deed with covenant of general warranty. The authorities are fully collected in that case, and we do not deem it necessary to go over them again. The common understanding of the term "warranty deed," is in accordance with this decision.—See *Wilsey v. Dennis, 44 Barb., 362.* The defendant's disclosure must consequently be understood as admitting a deed with a covenant upon which he would become liable if his grantee was dispossessed under paramount title; and if he erred, or was mistaken, in his disclosure, it was for him to show the fact.

Other questions are discussed in the briefs of counsel, but as they were made immaterial in the court below, by the ruling which rejected the disclosure of the garnishee, and consequently were not distinctly passed upon, by the circuit judge, and are not presented by the record, we do not consider it proper to express any opinion upon them.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.