# THE MICHIGAN STATE BANK OF EATON RAPIDS v. MIDA TROWBRIDGE, FRANKLIN P. MONFORT, AND VARNUM J. BOWERS.

*Banks—Assignment to cashier—Mortgage foreclosure—Parties.*

1. An assignment of a mortgage to "Charles S. Cobb, cashier of the Michigan State Bank of Eaton Rapids, Mich.," to have and to hold the same unto the assignee, "his successors and assigns, forever," as collateral security to a note which the assignors had given to the bank, is held to have been made to the assignee as a bank officer, and to be a contract with the bank, and that the bank can foreclose the mortgage in its own name.

2. The assignment authorized the assignee to take all lawful means to recover the amount due or owing upon the note and mortgage in the names of the assignors or otherwise, and it appeared that the indebtedness of the assignors to the bank exceeded the mortgage debt. And it is held that the defendants were not in a position to complain because the assignors were not made parties to the foreclosure proceedings.

3. The indorsers of a mortgage note, which has been duly protested for non-payment, can be joined as defendants in a suit to foreclose the mortgage, and a personal decree can be entered against them for the deficiency arising on a sale of the mortgaged premises, under How. Stat. § 6704.

Appeal from Osceola. (Judkins, J.) Argued May 6, 1892. Decided June 10, 1892.

Bill to foreclose a mortgage. Defendants Monfort and Bowers appeal. Decree affirmed. The facts are stated in the opinion.

*John M. Corbin,* for complainant, contended for the doctrine of the opinion.

*Franklin P. Monfort,* in *pro. per.* (*T. M. Crocker,* of counsel), for appellants, contended:

1. The mortgage cannot be foreclosed without making Cobb and the two Stirlings parties; citing Story, Eq. Pl. § 201; *Leggett v. Insurance Co.*, 64 Barb. 23, 36.

2. The reasoning in this class of cases is that the trustee has the legal title, and is therefore a necessary party, and the beneficiaries have the equitable and ultimate interest to be affected by the decree, and are necessary parties; citing Story, Eq. Pl. §§ 207, 209; *McKinley v. Irvine*, 13 Ala. 681; *Cassiday v. McDaniel*, 8 B. Mon. 519; *Tucker v. Silver*, 9 Iowa, 261.

3. The bill does not charge that Cobb had been asked to foreclose, nor that he had refused to foreclose, nor that Cobb was dead, or in any way disabled or disqualified from being complainant. Some one of these facts must exist before any one but Cobb can properly take upon himself the right to foreclose. If such had been the fact, and it had been properly averred in the bill, then the complainant could foreclose, but it must then make the Stirlings and Cobb parties defendant with Mrs. Trowbridge; citing *Bank v. Hummel*, 14 Colo. 259; *Hardy v. Miles*, 91 N. C. 131; *Freeman v. Scofield*, 16 N. J. Eq. 28; and, as this was not done, the bill should be dismissed, because no decree this Court can make under the present issue can settle the variant rights of the parties interested in the trust property; citing *Adams v. Bradley*, 12 Mich. 346, 349.

4. The fact that Cobb is not, in terms, made a trustee does not change the situation. He took the assignment for no purpose personal to himself, he had no beneficial interest therein; it was not, therefore, necessary for him to be named as trustee in terms. By force of the facts he was placed in a fiduciary capacity; citing *White v. Ditson*, 140 Mass. 351-353; *Lady Superior v. McNamara*, 3 Barb. Ch. 375.

5. The undertaking of Monfort and Bowers, upon putting their names upon the back of the note, was as guarantors of the collection of the note and mortgage. The distinction between guarantor and surety is well defined. The guaranty is a secondary undertaking, while surety is primary. "The guarantor contracts to pay if, by the use of due diligence, the debt cannot be made out of the principal debtor, while the surety undertakes directly for the payment, and so is responsible at once if the principal debtor makes default; or, in other words, guaranty is an undertaking that the debtor shall pay; suretyship, that the debt shall be paid;" citing 9 Amer. & Eng. Enc. Law, 68; *Reigart v. White*, 52 Penn. St. 440; *Zahm v. Bank*, 103 Id. 576; and, being guarantors of the collection of the note and mortgage, they are improperly made defendants in this suit; citing *Joy v. Plank Road Co.*, 11 Mich. 155, 162;

*Barman v. Carhartt,* 10 Id. 338, 340; *Johnson v. Shephard,*
35 Id. 115, 124, 125.

MORSE, C. J.   The bill in this case is filed to foreclose
a mortgage given by the defendant Mida Trowbridge to
Franklin P. Monfort, upon premises in the village of
Evart, Osceola county, in this State. This mortgage was
assigned by Monfort to John H. Stirling and William F.
Stirling, who, on the 21st day of January, 1889, assigned
the same to—

"Charles S. Cobb, cashier of the Michigan State Bank
of Eaton Rapids, Mich.,   *   *   *   as collateral security
to a note of $1,000, this day given by Stirling & Co. to
second party, and any renewal of the same, or of parts
of same, and, when such indebtedness is paid, second
party is to reassign to first parties; and we have good
right and lawful authority to grant, bargain, and sell the
same in manner aforesaid;" and further specifying that
the said second party is to have and to hold the same
unto him, *"his successors and assigns,"* forever, subject
only to the proviso in the said indenture of mortgage
mentioned."

The mortgage was originally made for $670, and at the
date of this last assignment it was stipulated in such
assignment that this sum was the amount then "growing
due" upon it.

The complainant had decree for the amount of the
mortgage and interest in the circuit court for the county
of Osceola, in chancery. The defendants Bowers and
Monfort appeal to this Court.

It is claimed first by the defendants appealing that
Charles S. Cobb is the person holding the legal title to
the mortgage and note accompanying it, as trustee for
the complainant, and for the protection of the Stirlings,
and that the mortgage could not be foreclosed without
making Cobb and the Stirlings parties defendant to the
proceeding.

This assignment was evidently made to the bank, to

whom the Stirlings were indebted on the note of $1,000. The fact that the mortgage ran to Cobb, *his successors and assigns*, is significant, and, indeed, all the testimony shows beyond dispute that the mortgage was executed to complainant in the name of its then cashier. The assignment also plainly indicates that it was made to Cobb, not as an individual, but as a bank officer, and that it was a contract with the bank. *Garton v. Bank*, 34 Mich. 279, 280.

The assignment also authorizes the second party, which is the complainant, to use and take all lawful means to recover the sum or sums due or owing upon said note and mortgage in the name of the Stirlings or *otherwise;* and it was shown by the testimony of one of the Stirlings, as well as others, that the present indebtedness of the Stirlings to the complainant upon this note of $1,000 greatly exceeded the amount of the mortgage debt. We do not think that the defendants are in a position to complain because the Stirlings were not made parties to the foreclosure, as it is none of their concern.

The decree in this case provides that the defendants "Mida Trowbridge, Franklin P. Monfort, and Varnum J. Bowers, who are each personally liable for the debt secured by the mortgage, pay to the complainant" the amount of any deficiency arising after the sale of the mortgaged premises. It is contended that this portion of the decree so far as Monfort and Bowers are concerned, is erroneous, and that they are improperly joined as defendants in this case. The note and mortgage in question were executed by Mida Trowbridge to Monfort, December 11, 1888. On the 14th day of the same month and year the defendant Bowers contracted with the Stirlings for a stock of goods, and turned in this note and mortgage in part payment of said stock. Monfort is an uncle by marriage of Bowers, and there was evidence

tending to show that he procured this mortgage for the express purpose of trading it to the Stirlings to aid Bowers in his purchase of the stock of goods from Stirling & Co. When the note and mortgage were passed over to the Stirlings, both Monfort and Bowers indorsed the note in blank, and it was duly protested for non-payment. The note was made payable to bearer. It is claimed that the signatures of Monfort and Bowers were not necessary to pass the title, and that the indorsement was made after the note had been put in circulation by the defendant Mida Trowbridge, and that it was not, therefore, a contemporaneous joint liability; that the undertaking of these defendants was that of guarantors of the collection of the note and mortgage, and therefore they were improperly joined as defendants in this foreclosure proceeding, their liability being secondary, and not primary.

It appears that Bowers made a written agreement with the Stirlings for the purchase of these goods, in which it was provided that he should pay for the goods as follows:

"Cash at the time an inventory of said stock and fixtures is completed, $1,000. Note and mortgage indorsed by himself and F. P. Monfort against Mida Trowbridge, of Evart, Mich., $670."

The plain intent of this agreement was that Monfort and Bowers should add their responsibility to that of Mida Trowbridge, and they passed the note to the Stirlings upon the faith and credit of their indorsement, and received a valuable consideration therefor. Under the authority of *Cook v. Brown,* 62 Mich. 478, their liability would be the same as if they had so backed the note at its inception and before it was put in circulation. See, also, *Robbins v. Brooks,* 42 Mich. 62.

But as indorsers they could be sued independently upon

their contract, as there is no claim that the note was not properly protested for non-payment. And under the statute (How. Stat. § 6704) they could be joined in the bill as defendants, and a personal decree could be entered against them for the balance of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises. The statute reads as follows:

"SEC. 6704. If the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the bill, and the court may decree payment of the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases." See, also, *Johnson v. Shepard*, 35 Mich. 123, 124; *Vaughan v. Black*, 63 Id. 215.

The decree must be affirmed, with costs.

The other Justices concurred.