MUNCEY *v.* SUN INSURANCE OFFICE.

1. GARNISHMENT—PROCEDURE—TRIAL OF ISSUE.

Where the only question raised under a disclosure in garnishment is whether the fund belongs to the principal defendant or to a third party claimant, a demand for the trial of the statutory issue under section 8068, 2 How. Stat., is unnecessary as against the garnishee.

2. FRAUDULENT CONVEYANCES—EVIDENCE—ADMISSIONS.

Statements made by the assignor of an insurance policy after he has parted with its possession are not admissible to defeat the title of the assignee.

3. SAME—INSTRUCTIONS—CURING ERROR.

In a suit involving the *bona fides* of an assignment of an insurance policy, the erroneous admission of the declarations of the assignor, made subsequent to the transfer, tending to show that the policy had not then been assigned, and of further statements tending to show that the policy had been placed beyond the reach of creditors, is cured by an instruction that the undisputed testimony shows the assignment to have been made, and that, if given to secure an honest debt, it was valid.

Error to Iosco; Simpson, J. Submitted April 28, 1896. Decided June 2, 1896.

Garnishment proceedings by Angeline Smith Muncey against the Sun Insurance Office, as garnishee of Henry Boutyette, in which proceeding Caspar M. Zengerle intervened under claim of title to the fund. From a judgment for plaintiff, the garnishee and the intervener bring error. Affirmed.

*M. J. Connine* (*Cutcheon, Stellwagen & Fleming*, of counsel), for appellants.

*J. E. Kinnane*, for appellee.

MONTGOMERY, J.   Plaintiff instituted proceedings in garnishment against the Sun Insurance Office, and disclosure was filed, showing that the insurance company was indebted to the principal defendant in the sum of $480, unless Caspar M. Zengerle was entitled to the claim under an assignment made to him of the same, but stated that such an assignment had been made, and that, therefore, the insurance company was not indebted to the principal defendant.   By an order of the court, Zengerle and O. E. MCutcheon and M. J. Connine were permitted to intervene as claimants to the fund involved.   On the trial the claims of Connine and MCutcheon were allowed by direction of the court, and the single question remaining for trial was whether Zengerle was entitled to the fund under his assignment.   The jury found against his claim, and he and the insurance company bring error.

It is contended that there was no authority to try the issue, for the reason that no demand for a trial of the issue was made under section 8068, 2 How. Stat., which reads as follows:

"The affidavit for the writ of garnishment shall be held and considered as a declaration by the plaintiff in trover against the garnishee as defendant, where the garnishee is chargeable for property, and for money had and received, when he is chargeable upon indebtedness against the garnishee; and upon the filing of the garnishee disclosure, or upon filing of the answers to such written interrogatories in cases where the same are required and filed, or upon the filing of the report of the testimony or statement made by such garnishee on such personal examination in cases where such examination is had, the matter of such affidavit shall be considered as denied (except so far as the same is admitted by such disclosure, answers to interrogatories, or report, which admissions shall have the effect of admissions in a plea, and also shall be *prima facie* evidence of the matters therein admitted). And thereupon a statutory issue shall be deemed framed for the trial of the question of the garnishee's liability to the plaintiff.   (And judgment may be rendered against such garnishee defendant as upon declaration and plea, or [on] plaintiff's motion to the court, at any time after the

final judgment against the defendant in the principal cause, without further notice to such garnishee: *Provided*, however, if such plaintiff or such garnishee defendant shall, within 10 days after filing of such disclosure, answer, or statement, file with the clerk of such court a demand for trial of the cause, said cause shall stand for trial in the manner provided by this act.)"

We need not determine whether the demand can be waived, or whether, in the absence of demand, the statements contained in the disclosure must constitute the sole evidence, in a case where the garnishee defendant is the sole party appearing to be interested in the question. The practical importance of the question is not great, as under the amendment of 1895 (Act No. 178, p. 332), the demand may be made after the lapse of 10 days, by the permission of the court. But we think section 8068, 2 How. Stat., is to be construed in connection with section 8085, 3 How. Stat., which provides for the intervention of other claimants when the answer of the garnishee declares that other persons than the defendant make claim to the fund or indebtedness, and for the payment of the fund into court to abide the result. Upon such disclosure the garnishee has no further interest in the proceedings, except to have the right as between such claimant and the principal defendant determined. And where the statement in the disclosure is accepted as true, except as such statement relates to the claim set up by said third party, there is no necessity or propriety in demanding, as against the garnishee, a trial of this question. The claimant must be brought in for that purpose. In this case the claimant voluntarily intervened.

The court admitted evidence of statements made by the defendant Boutyette, tending to show a promise by him to apply this insurance on his debts, after the date of the assignment to Zengerle, and of further conversations in which he stated that he had nothing from which collection could be made, and, in effect, that the plaintiff's judgment was not collectible. These statements,

being made by the assignor after he had parted with the possession of the policy of insurance, were not admissible to defeat the title of the assignee. *Blanchard* v. *Moors*, 85 Mich. 380. But, in view of the charge of the court in the case, we do not think the admission of this testimony was prejudicial. The tendency of a portion of this testimony was to show that no assignment of the policy had been made, and the tendency of the other portion of such testimony was to show that the property was placed beyond the reach of creditors. The circuit judge, as to the first question, charged:

" Now, there is no question, from the evidence in the case, but what Boutyette assigned the policy to Mr. Zengerle. I don't believe there is any evidence upon that, but what he did do it. The assignments are here in writing. You have the testimony, and all the testimony goes to show that the next day after the fire he assigned this policy over, and it seems, and I charge you, that the evidence is that the assignment was made to pay him anything that Mr. Boutyette owed him at that time; and I do not think there is any dispute, upon that, but what the assignment was made."

And, as to the second question, the court charged as follows:

" Gentlemen of the jury, I charge you, further, if he honestly owed Mr. Zengerle anything at the time, that the assignment is valid, and Mr. Zengerle's claim is valid against this insurance. There is no question about that. We are not here to say that one man's claim is any better than another's. He made that assignment. He made it to secure Mr. Zengerle against any debt that he owed him at that time, and, if he owed him any debt at that time, Mr. Zengerle has a claim, to the extent of that debt, upon this insurance."

We think, in view of this charge, the testimony could not have damaged the claimant.

Judgment affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.