NACHTEGALL *v.* REILLEY.

1. GARNISMENT—JOINT FUNDS—PARTIES—CLAIMANT OF DEBT GAR-
NISHED.

Under the provisions of a compromise agreement providing for
the deposit of certain funds in the hands of the garnishee de-
fendant in settlement of claims of the principal defendant
and another against the payor, the funds to be paid over to
the attorney of the principal defendant, who also acted as
attorney for the other claimant, the question whether the
principal defendant owned the fund in his own right or joint-
ly with the claimant could not be determined on motion to
dismiss proceedings citing in persons claiming interests in the
money, pursuant to the provisions of 3 Comp. Laws, § 10627,
and the claimant and the attorney of the parties were prop-
erly interpleaded to determine their respective interests.

2. SAME.

Funds in which the principal defendant and another are joint-
ly interested cannot be reached by garnishment.

3. PRINCIPAL AND AGENT—RIGHT TO SUE ON CONTRACT TO PAY
MONEY TO AGENT.

The principals may sue on a contract to deposit funds in the
hands of a third person payable on certain conditions to their
agent and attorney.

4. GARNISHMENT — NONRESIDENT DEFENDANTS — PROCESS — CON-
STRUCTIVE SERVICE—MOTION TO QUASH.

Proceedings in garnishment are not subject to dismissal be-
cause service of process is made upon the principal defend-
ant outside the State.

Error to Kent; Perkins, J. Submitted February 27,
1911. (Docket No. 89.) Decided March 31, 1911.

Garnishment by Alfred Nachtegall against James
Reilley, principal defendant, and Gaius W. Perkins, gar-
nishee defendant. An order dismissing the proceedings
on motion of principal defendant to quash, is reviewed by
plaintiff on writ of error. Reversed.

*Wilson, Wilson & Rice,* for appellant.

*Carl E. Mapes,* for appellees.

Prior to August 27, 1909, differences had arisen between the Nachtegall Manufacturing Company and James E. Reilley and Eugene H. Reilley. These differences were adjusted by the execution of the following contract:

"Agreement between the Nachtegall Manufacturing Company, of Grand Rapids, Michigan, J. E. Reilley and Eugene H. Reilley, of Charlotte, N. C., in settlement of pending suits and controversies.

"J. E. Reilley and E. H. Reilley agree to accept twenty-five hundred dollars ($2,500) in full settlement of their claims against the Nachtegall Manufacturing Company for salary, expenses, etc.

"J. E. Reilley and E. H. Reilley hereby confirm to the Nachtegall Manufacturing Company the assignment heretofore made of all claim for commissions due or owing from the American Seating Company to Reilley & Spitz, as set forth in the statements thereof made by the American Seating Company, dated August 24th, 1909, including any claim of E. H. Reilley to any of said commissions.

"J. E. Reilley shall immediately cause to be discontinued, without costs to either party, suits brought by him against the Nachtegall Manufacturing Company, both in the superior court of Mecklenburg county, N. C., wherein the county of Madison is garnished and funds due from that county attached, and in Lee county, S. C., wherein the county of Lee is garnished and funds due from that county attached.

"The Nachtegall Manufacturing Company shall forthwith transmit to the Commercial National Bank, of Charlotte, N. C., the sum of fifteen hundred dollars ($1,500) the same to be paid to E. R. Preston, attorney for J. E. Reilley and E. H. Reilley, upon his depositing with said bank certified copies of orders dismissing said suits, and shall forthwith deposit with Gaius W. Perkins, one thousand dollars ($1,000); said one thousand dollars to be paid to said E. R. Preston, attorney, for J. E. Reilley upon the Grand Rapids National Bank, assignee of the claims of the Nachtegall Manufacturing Company against Madison county, N. C., and Lee county, S. C., for the so-called

Madison and Lee county court house contracts, receiving settlement for said contracts.

" J. E. Reilley agrees to assist the Nachtegall Manufacturing Company in making settlement of said Marshall and Bishopville contracts and agrees that if they so request, he will go to either place to assist in such settlements, he to be reimbursed for traveling expenses, and paid five dollars ($5.00) per day for time, the same to be paid by Nachtegall Manufacturing Company upon demand. If, in the settlement of said Marshall or Bishopville contracts, it is necessary to make any discount, said Perkins shall determine whether said discounts shall be borne by J. E. Reilley or the Nachtegall Manufacturing Company, and if he shall determine that the discount shall be borne by J. E. Reilley, he shall deduct the amount thereof from said one thousand dollars and pay the same to the Nachtegall Manufacturing Company, it being understood, however, that said J. E. Reilley shall not be held liable for any discounts or deductions, unless said J. E. Reilley has been guilty of misrepresentations as to the quality of the goods to be furnished in said contracts.

"The payment of said sum of twenty-five hundred dollars ($2,500) shall be in full settlement of all claims, demands of every sort and kind whatsoever, of said J. E. Reilley and E. H. Reilley against the Nachtegall Manufacturing Company, and it is further agreed that a signed statement from Gaius W. Perkins, acknowledging the deposit of one thousand dollars with him, shall be attached to the check for fifteen hundred dollars, to be transferred to the bank for E. R. Preston, attorney, as aforesaid.

" E. R. Preston agrees to forthwith send to the Nachtegall Manufacturing Company an assignment of the commissions due and owing from the American Seating Company, signed by E. H. Reilley.

"It is understood and agreed that the said Gaius W. Perkins shall have the right and it shall be his duty to pay over to said E. R. Preston, attorney, said sum of one thousand dollars, within five days after the Grand Rapids National Bank or other persons entitled thereto shall have received settlement for the said Lee county and Madison county contracts; the said Perkins shall be held wholly free and harmless from any responsibility for so doing, unless within five days the Nachtegall Manufacturing Company shall file with him objection in writing to said payment.

" Dated August 27, 1909.

" Grand Rapids National Bank as assignee of said claims and party to said suits assents to this agreement.

> "GRAND RAPIDS NAT'L BANK,
> "By HUGH E. WILSON, its Atty.
> "NACHTEGALL MFG. CO.,
> "By HUGH E. WILSON, its Atty.
> "J. E. REILLEY,
> "By E. R. PRESTON, his Atty.
> "E. H. REILLEY,
> "By E. R. PRESTON, his Attorney in Fact."

Following the execution of the foregoing contract, the two sums of $1,500 and $1,000 were deposited in accordance with its terms. On December 9, 1909, plaintiff brought suit against James E. Reilley, and proceeded against Gaius W. Perkins as garnishee. Service of process on Reilley was made outside the State. Perkins, in his disclosure, sets out that he is still in possession of the $1,000, which was deposited with him under the contract, but says that E. R. Preston and Eugene H. Reilley have severally served a demand upon him for said sum, each claiming a right to the same. He claims no interest in the fund, and offers to pay it into court. On motion of plaintiff, an order was entered interpleading E. R. Preston and Eugene H. Reilley. The principal defendant thereupon appeared specially for the purpose of making a motion to quash the proceedings, on the ground that there was no personal service on the defendant within the jurisdiction, and that the court was without jurisdiction, inasmuch as the garnishee had no property in his hands belonging to the defendant. This motion was granted. Upon this action the plaintiff assigns error.

BROOKE, J. (*after stating the facts*). The question to be determined seems to be whether or not the fund in the hands of the garnishee defendant (in which he claims no beneficial interest) is in fact the property of the principal defendant, and therefore liable to garnishment. There is here no dispute between the plaintiff and the

garnishee defendant; it is admitted that he holds the fund under the contract as stated in his disclosure.

It is claimed by the plaintiff that an examination of the contract will demonstrate that as to this $1,000 the principal defendant, James E. Reilley, is the sole owner thereof, and that upon the refusal of Perkins to pay the same over to him he could maintain an action of debt or *indebitatus assumpsit* against Perkins for its recovery; while defendant claims that it is obvious that the fund belongs to James E. Reilley and E. H. Reilley jointly, and that E. R. Preston may also have an interest therein.

The contract first sets out that:

" J. E. Reilley and E. H. Reilley agree to accept $2,500 in full settlement of their claims against the Nachtegall Manufacturing Company for salary, expenses, etc."

It then, among other things, provides for the deposit of this amount in two sums in different depositories, but both payable, upon the happening of certain contingencies, to the same person, E. R. Preston.

The contract further provides that:

" The payment of said sum of $2,500 shall be in full settlement of all claims, demands of every sort and kind whatsoever, of said J. E. Reilley and E. H. Reilley against the Nachtegall Manufacturing Company."

When the contract provides for the payment of the $1,500 to E. R. Preston, he is described as attorney for J. E. Reilley and E. H. Reilley. When it provides for the payment of the $1,000 to Preston, he is described as attorney for J. E. Reilley. The last clause of the contract, however, is, in part, as follows: •

" It is understood and agreed that the said Gaius W. Perkins shall have the right, and it shall be his duty to pay over to said E. R. Preston, attorney, said sum of $1,000."

Here Preston is not described as attorney for the Reilleys, or for either of them.

We are unable to say from an examination of the con-

tract that James E. Reilley is the sole owner of the $1,000, but it is equally plain that the contract does not show affirmatively that either E. H. Reilley or E. R. Preston own the fund. Both claim to own it, and they have been interpleaded in order that their rights to the fund, if they have any, may be determined.

3 Comp. Laws, § 10627, provides that:

"When the answer of the garnishee shall declare that any other person than the defendant claims the indebtedness, or property in his hands, or any part thereof, * * * the court may, on motion, order that such claimant be interpleaded as a defendant to the garnishee action, and * * * the court may order an issue to be formed, and may proceed to try the same or direct the trial thereof by a jury as in other cases, etc."

In *Muncey* v. *Sun Insurance Office*, 109 Mich. 542 (67 N. W. 562), where this section was under consideration, it was said:

"Upon such disclosure the garnishee has no further interest in the proceedings, except to have the right as between such claimant and the principal defendant determined. And where the statement in the disclosure is accepted as true, except as such statement relates to the claim set up by said third party, there is no necessity or propriety in demanding as against the garnishee a trial of this question. The claimant must be brought in for that purpose."

If, at the time of the service of the writ of garnishment upon Perkins, this fund was in fact the sole property of James E. Reilley, it was clearly subject to the process. If, upon the other hand, either E. H. Reilley or E. R. Preston was the owner thereof, or of a joint interest therein, at that time, the garnishment proceedings must fail. *Markham* v. *Gehan*, 42 Mich. 74 (3 N. W. 262); *Kennedy* v. *McLellan*, 76 Mich. 598 (43 N. W. 641); *Stone* v. *Dowling*, 119 Mich. 476 (78 N. W. 549); 20 Cyc. p. 1030; Rood on Garnishment, §§ 156–161.

The fact that Perkins was to pay the money to Preston as attorney, instead of to the Reilleys, presents no diffi-

culty. The instrument plainly indicates that it was made between the Nachtegall Manufacturing Company upon one side, and the Reilleys upon the other, and that Preston was merely an agent appointed to receive the money.

The right of the principals to sue upon the contract is, we think, clear. Mechem on Agency, § 757, and cases there cited; *Garton* v. *Union City Nat. Bank,* 34 Mich. 279; *Michigan State Bank* v. *Trowbridge,* 92 Mich. 217 (52 N. W. 632); *First Nat. Bank of Hancock* v. *Johnson,* 133 Mich. 700 (95 N. W. 975, 103 Am. St. Rep. 468).

That service of process upon the principal defendant was made outside the State affords no ground for the quashing of the garnishment proceedings.

In *Serviss* v. *Washtenaw Circuit Judge,* 116 Mich. 101 (74 N. W. 310, 72 Am. St. Rep. 507), it is said:

" The validity of this substituted form of service upon the principal defendant does not depend upon the disclosure of the garnishee defendant, or upon the denial of an indebtedness which he may make when interrogated thereon. No judgment could be had against the principal defendant, it is true, unless some credits were found in the hands of the garnishee; but whether such credits are in his hands is the subject of inquiry which may be had upon the statutory issue."

We are of opinion that, upon the interpleading of the other claimants to the fund, the court should have ordered an issue to be formed and proceeded to the trial thereof, as provided by 3 Comp. Laws, § 10627.

The judgment is reversed, and a new trial ordered.

OSTRANDER, C. J., and MCALVAY, BLAIR, and STONE, JJ., concurred.