HAYES *v.* ROSS.

1. GARNISHMENT—DISCLOSURE—AMENDED DISCLOSURE—EXTENSION OF TIME TO DEMAND TRIAL DISCRETIONARY.

Under the provisions of 3 Comp. Laws 1915, § 13132, requiring demand for trial in garnishment cases within ten days after filing disclosure, it is within the discretion of the court, upon application and showing, to extend the time within which to file said demand and also to grant the garnishee defendant permission to file an amended disclosure; the concluding sentence of said section having reference to the demand for trial rather than to the demand for a jury.[1]

2. SAME—ABUSE OF DISCRETION.

There was no abuse of the court's discretion in denying garnishee defendant's motion to extend the time within which to file demand for trial and in refusing permission to file an amended disclosure, where a delay of over two years in filing same was not sufficiently excused.[2]

3. SAME—IN ABSENCE OF DEMAND FOR TRIAL CASE STANDS ON DISCLOSURE.

Where no demand for trial under section 13132 was made by either plaintiffs or the garnishee after the disclosure, the case stood on the disclosure, which, under the statute, included the examination before the commissioner, so that, if the disclosure and examination did not fix liability, plaintiffs could not have judgment, but if liability was shown, they were entitled to judgment.[3]

4. SAME—DISCLOSURE ANALOGOUS TO ANSWER IN CHANCERY.

The disclosure is somewhat analogous in its function to an answer in chancery; whatever is admitted by it the plaintiff may treat as established.[4]

5. SAME—AFFIDAVIT CONSIDERED AS DECLARATION—ONLY STATUTORY INTEREST RECOVERABLE IN ABSENCE OF AGREEMENT.

In view of the fact that under section 13132 the affidavit for the writ of garnishment is to be held and considered

---

[1]Garnishment, 28 C. J. §§ 448, 473; [2]Id., 28 C. J. §§ 448, 473; [3]Id., 28 C. J. §§ 440 (Anno), 499; [4]Id., 28 C. J. §§ 451 (Anno), 452 (Anno).

as the declaration, where the affidavit alleged that $3,500 is "now due" the plaintiff from the principal defendant, but made no allegation that the interest rate had been agreed upon, only statutory interest could be recovered, and, therefore, the recovery from the garnishee was limited to $3,500 and statutory interest although the judgment against the principal defendant exceeded that amount.[5]

Error to Wayne; Jayne (Ira W.), J. Submitted June 16, 1926. (Docket No. 69.) Decided October 4, 1926.

Garnishment proceedings by Jerry C. Hayes and another, doing business as the Hayes Realty Company, against Charles M. Ross, principal, and the Realty Trust Company, garnishee defendant. Ralph Appelman and another were interpleaded as defendants. Judgment for plaintiffs for less than the judgment against the principal defendant. Plaintiffs and garnishee defendant bring error. Reversed and remanded.

*A. F. Freeman,* for plaintiffs.

*A. W. Sempliner (Edmund E. Shepherd,* of counsel), for garnishee defendant.

*William Henry Gallagher,* for defendant Appelman.

The pertinent facts in this case are as follows: Principal defendant Ross on March 24, 1922, gave to garnishee defendant Realty Trust Company a trust mortgage to secure a bond issue of $100,000 on lands upon which there was then being erected the Kenmoore apartments. On the same day he borrowed of the Federal Discount Company $50,000 and hypothecated the bonds as security for that amount and future advances, and an interim certificate was issued to take the place of the bonds, which had not then been printed. On April 6th following, he gave to Ralph

---

[5] Garnishment, 28 C. J. § 498.

Appelman a second lien on the bonds for $12,500. On July 1st following, plaintiffs instituted garnishment proceedings against the trust company, having theretofore brought suit against Ross. In the affidavit for garnishment it was alleged that Ross was indebted to plaintiffs in the sum of $3,500. July 20th the trust company filed its disclosure denying liability and saying that $58,400 of the bonds had been certified and the balance had not been. On August 4th oral examination of the garnishee defendant was had before a circuit court commissioner, Miss Scramlin, assistant secretary-treasurer of the trust company, appearing as the witness; she was not accompanied by counsel, and as later developments disclose was not possessed of all the data necessary to protect the rights of the trust company. Her testimony disclosed that the discount company had a lien on the bonds for $50,000 but did not disclose that its lien also covered future advances; it also disclosed the second lien of Appelman. Her testimony established a liability of the garnishee defendant above the liens ample to pay plaintiffs' claim. This testimony was filed August 25th. On October 7th the trust company without leave of the court filed an amendment disclosure. It likewise showed the pledging of the bonds to the discount company and to Appelman. Matters there rested for considerable time.

April 23, 1924, plaintiffs recovered judgment in the principal suit for $5,070.25. The record discloses that this sum was made up of the notes originally sued upon and another note not due when the suit was brought but which the attorney for Ross agreed might be included in the judgment. July 8th plaintiff filed motion for judgment against the garnishee defendant. September 22d, motion was filed by the garnishee defendant to allow the filing of the amended disclosure of October 7, 1922, to interplead the claimants, several in number, and to extend the time for filing demand

for trial. Up to this time there had been no demand
for a trial by either party. The claimants were inter-
pleaded; some filed answers, and one a disclaimer.
Plaintiffs' motion for judgment, and that of the trust
company except as to the interpleader, were held until
the final disposition of the case. Judgment was finally
entered for plaintiffs against the garnishee defendant
for $4,303.74 being the amount claimed in the affidavit
for garnishment and interest at 7 per cent. to date.
Plaintiffs and the trust company both sued out writs
of error, plaintiffs contending that the judgment
should be for the full amount of the judgment against
the principal defendant with interest at 7 per cent.
to date of judgment against the garnishee defendant,
and the garnishee defendant insisting that no judg-
ment should have been rendered against it and in any
event not to exceed the amount set forth in the af-
fidavit in the garnishment proceedings.

FELLOWS, J. (*after stating the facts*). The trial
judge was of the opinion that the provisions of section
13132, 3 Comp. Laws 1915, requiring demand for a
trial within ten days was mandatory, but he also held
that, if discretionary, his discretion was not moved
by the showing made, and he therefore denied the
motion of the trust company to extend the time in
which to file such demand and also refused permission
to file the amended disclosure. We think these matters
were both within his discretion. We think the con-
cluding sentence of the section, "the time for filing said
demand may be extended by the court upon applica-
tion and showing," refers to the demand for trial
rather than to the demand for a jury, as no time is
fixed in this section for demanding a jury. See
*Muncey* v. *Sun Insurance Office,* 109 Mich. 542. But
we are not persuaded that the trial judge abused his
discretion. The application was not made until over
two years after the filing of the testimony and we are

not persuaded the delay was sufficiently excused. No demand for trial having been made by either party, the case stood on the garnishee's disclosure, which, under the statute, included the examination before the commissioner. If the disclosure and examination did not fix liability, plaintiffs could not have had judgment. If it did show liability, they were entitled to judgment. In *Allen* v. *Hazen,* 26 Mich. 142, Mr. Justice Cooley, speaking for the court, said:

"We think the court misapprehended the nature and purpose of the garnishee's disclosure, when rejecting it as evidence. The disclosure does not stand upon the same footing as the testimony of a witness; it is the answer of a party; and the plaintiff may take judgment upon it if it discloses a liability, unless the garnishee demands a trial. And if a trial is demanded, the disclosure is evidence for the plaintiff, and the garnishee is not even permitted to show errors or mistakes therein, except in the discretion of the court (Sess. L. 1861, p. 564, § 15), a discretion, however, which ought to be liberally exercised where the disclosure is made without the assistance of counsel. Such being the statute, it is manifest that the disclosure is somewhat analogous in its function to an answer in chancery; whatever is admitted by it the plaintiff may treat as established, and he is under no necessity to call witnesses to the same points, when the only purpose could be to support an admission which has been made by a party deliberately and against his own interest."

As we have pointed out, the testimony taken before the commissioner established liability of the garnishee defendant, and, therefore, authorized a judgment for plaintiffs.

The affidavit for the writ of garnishment alleged that the amount "now due" the plaintiffs from the principal defendant "is the sum of $3,500." There was no allegation that the interest rate had been agreed upon. In the absence of such an agreement that sum then due bore only the statutory rate of in-

terest.    The allegation in the affidavit can not be taken as more than an allegation that plaintiffs claimed $3,500 and statutory interest.    Under the garnishee statute, above cited, the affidavit "shall be held and considered as a declaration."    If the affidavit is to be held to be the declaration, it is obvious that the amount claimed in it is the *ad damnum* of such declaration. The rule is well recognized that the recovery can not exceed the amount alleged in the *ad damnum* clause of the declaration.    Here there was an allegation that there was due at the date of the affidavit $3,500; to this amount the law added 5 per cent. interest until the debt was paid and a recovery beyond that amount would exceed the *ad damnum* of the declaration.    The trial judge allowed interest at 7 per cent.    In the absence of an allegation in the affidavit that the indebtedness bore greater than the statutory rate this was not authorized.

The judgment will be vacated and the case remanded with direction to enter judgment for $3,500 and interest at 5 per cent. from the date of the affidavit to the date of the judgment.    Cost of transcript and printing the record will be equally divided between plaintiffs and the trust company.    No other costs will be allowed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.