AMERICAN MACHINE AND FOUNDRY COMPANY v STAR
LANES CORPORATION

1. RECEIVERS—TITLE OR INTEREST IN PROPERTY.

   A receiver succeeds to whatever title or interest in escrowed
   property the party he represents has at the time of his appoint-
   ment.

2. COURTS—RECEIVERS—BANKRUPTCY—STATE COURT—FEDERAL COURT
   —JURISDICTION—FINAL ADJUDICATION OF ACTION.

   A state court action begun by a receiver, who was appointed more
   than four months prior to a Federal court filing in bankruptcy,
   should be allowed to proceed to a final adjudication on the
   theory that the court which first obtains rightful jurisdiction
   over the subject matter should not be interfered with.

3. GARNISHMENT—DISCLOSURE OF NO LIABILITY—DISCHARGE OF GAR-
   NISHEE.

   A garnishee's disclosure of no liability, which is not challenged by
   the plaintiff in the garnishment action within prescribed time
   limits, effectively discharges the garnishee from further in-
   volvement in the garnishment action.

4. GARNISHMENT—RESTRAINING ORDER—DISBURSEMENT OF PROPERTY.

   A garnishee who disbursed funds pursuant to settlement agree-
   ments in garnishment actions in Wayne County was subject to
   a prior restraining order issued in a separate Oakland County
   action brought by a receiver who represented the debtor where
   the restraining order prohibited the garnishee from disbursing
   any property it knew or had reason to know belonged to or was
   due to the debtor.

5. GARNISHMENT—RESTRAINING ORDER—SPECIFIC PROPERTY—STAT-
   UTES.

   A restraining order issued pursuant to statute in a garnishment

REFERENCES FOR POINTS IN HEADNOTES
[1] 65 Am Jur 2d, Receivers § 160 *et seq.*
[2] 9 Am Jur 2d, Bankruptcy § 319 *et seq.*
[3] 6 Am Jur 2d, Attachment and Garnishment §§ 346–356.
[4–6] 6 Am Jur 2d, Attachment and Garnishment § 91 *et seq.*

action is effective to prohibit the party to whom the order is directed from transferring or disposing of property, money or indebtedness which it knows or has reason to believe belongs to or is due to the debtor whether or not the court adds a special order restraining the transfer or disposal of any specific property (MCLA 600.6119; MSA 27A.6119).

6. GARNISHMENT—JUDGMENT—REMAND—EVIDENCE—OWNERSHIP OF DISBURSED FUNDS.

An action against a garnishee for the amount of money which was disbursed by the garnishee while subject to a restraining order prohibiting certain disbursements should be remanded for an evidentiary hearing to determine whether the funds disbursed did in fact belong to or were in fact due to the judgment debtor where the record is devoid of any evidence from which the trial court could determine that the funds disbursed belonged to or were due to the judgment debtor.

Appeal from Oakland, William John Beer, J. Submitted June 3, 1976, at Detroit. (Docket No. 23714.) Decided October 19, 1976.

Complaint by American Machine and Foundry Company against Star Lanes Corporation, Hyman Simon, and Satfield Company for money owing. Cross-complaint by Satfield Company against Star Lanes Corp. and Simon. After judgments were rendered on these complaints, a receiver was appointed who then sought recovery of assets of Simon allegedly in the possession of Burton Abstract and Title Company. Judgment in favor of the receiver. Burton Abstract and Title Company appeals. Remanded for further proceedings.

*Abraham Satovsky,* receiver for Hyman Simon.

*Gurwin, Snyder & Weingarden,* for Burton Abstract and Title Company.

Before: QUINN, P. J., and D. F. WALSH and A. M. BACH,* JJ.

D. F. WALSH, J. This is an appeal by the cross-defendant Burton Abstract and Title Company from a judgment of the Oakland County Circuit Court entered pursuant to the "supplementary proceedings" chapter of the Revised Judicature Act, MCLA 600.6101, *et seq.;* MSA 27A.6101, *et seq.* A somewhat detailed recitation of the facts is necessary for an understanding of this case.

Three actions had been filed in Wayne County Circuit Court against Hyman Simon and corporations which he either controlled or in which he had an interest. Burton was named garnishee defendant in each of these lawsuits because it had served as escrow agent in certain real estate transactions involving Mark Abend, a business partner of Simon's, and other corporate entities involved in the development of Judson Manor Subdivision in Westland, Michigan. In each of these actions, Burton filed a written disclosure with the court indicating no indebtedness to the judgment debtor Hyman Simon.

The instant action was begun in Oakland County by American Machine and Foundry Company against Star Lanes Corporation, Hyman Simon and Satfield Company. Satfield had been a party plaintiff in one of the three prior Wayne County actions and in this case filed a cross-complaint against Star Lanes and Simon.

Abraham Satovsky, attorney for Satfield in the earlier action, was appointed receiver by the Oakland County Circuit Court on May 26, 1969, pursuant to the request of judgment creditors of Simon and Star Lanes and under the authority of MCLA

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

600.6104; MSA 27A.6104.[1] On June 18, 1969, the receiver caused a subpoena to issue to Burton pursuant to MCLA 600.6119; MSA 27A.6119[2] restraining Burton from transferring or releasing any property which it knew or had reason to believe belonged to or was due to Simon.

On April 22, 1970, court orders were entered in

---

[1] MCLA 600.6104(4); MSA 27A.6104(4) provides:

"After judgment for money has been rendered in an action in any court of this state, the judge may on motion in that action or in a subsequent proceeding:

\* \* \*

"(4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire."

[2] MCLA 600.6119; MSA 27A.6619, provides in pertinent part:

"(1) When a third party having in his or its possession property or moneys belonging to the judgment debtor or who is indebted to the judgment debtor is subpoenaed or ordered to attend and be examined as authorized in this chapter, such third party is hereby forbidden to make or suffer any transfer or other disposition of or to interfere with, any property belonging to the judgment debtor or to which he may be entitled or which may thereafter be acquired by or become due to said judgment debtor, or to pay over or otherwise dispose of any moneys due or to become due to such judgment debtor, not exempt by law from application to the satisfaction of the judgment, until the further order of the court except that such third party is not obliged to withhold the payment of any moneys beyond double the amount claimed in such subpoena by the judgment creditor. To effect such restraining provision, a copy of this section must be indorsed on or attached to the copy of the subpoena or order served on the third party.

"(2) Any person served with said subpoena or order, who violates the provisions of such restraining provision, is subject to punishment by the court for contempt, and is liable to the judgment creditor for any damages sustained.

"(3) The restraining effect of a subpoena served upon a third party shall not, however, apply to any property, money or indebtedness which appears from the books or records of the third party to belong to or to be due to a person or corporation other than the judgment debtor, unless the third party has knowledge or reason to believe that such property, money or indebtedness belongs to or is due to the judgment debtor; but the court may by order at any stage of the proceeding grant a restraining provision applicable to any such property, money or indebtedness, which is specified in the order, where it is shown to the court's satisfaction by affidavit or other written proof that there is reason to believe that such property, money or indebtedness belongs to or is due to the judgment debtor."

one of the Wayne County actions,[3] pursuant to stipulations between the parties, by virtue of which Burton was to disburse the funds which it held under its escrow agreement with Mark Abend. The sum of $35,000 was to be paid to KGR Corporation;[4] the sum of $49,103.28 was to be deposited with the clerk of the Wayne County Circuit Court; and any other sums could be released to Mark Abend. Burton disbursed the funds in accordance with the court order on that date.

On May 22, 1970, the Wayne County clerk disbursed the $49,103.28 pursuant to another court order also entered upon stipulation. The sum of $24,500 was disbursed to John Serra[5] or for his benefit and the sum of $24,603.28 was disbursed to Mark Abend.

The receiver contended that the money released belonged to Hyman Simon and not Mark Abend and that Burton was restrained from releasing the funds by virtue of the subpoena-restraining order issued by the Oakland County Circuit Court on June 18, 1969. Accordingly, the receiver filed a petition in the Oakland County Circuit Court praying that the funds disbursed by Burton be paid to the receiver or deposited with the clerk of the court. Named as respondents in this petition were, among others, Burton, John Serra and KGR Corporation.

On July 13, 1972, final judgment was entered on the receiver's petition against John Serra and KGR Corporation. Serra was ordered to pay to the receiver the sum of $22,000 which was the amount he had received less certain attorney fees. KGR

[3] *John Serra v Simco Land Co, et al,* Docket No. 144,265.

[4] KGR Corporation was the plaintiff in the Wayne County action entitled, *KGR Corp v Simco Land Co, et al,* Docket No. 129,314.

[5] John Serra was the plaintiff in the Wayne County action entitled, *John Serra v Simco Land Co, et al,* Docket No. 144,265.

was ordered to pay to the receiver the sum of $28,600 which was the amount it had received less attorney fees. The judgment provided that it was entered without prejudice to the receiver to proceed against Burton for the recovery of any portion of these sums that the receiver was unable to collect from Serra and KGR. On January 17, 1973, the court allowed the receiver to settle with Serra for $5,000. Burton was notified of the proposed settlement and did not object. Subsequently KGR stated in sworn answers to interrogatories that it had been dissolved in a deficit position and had no assets.

The receiver then proceeded against Burton and on January 13, 1975, final judgment was entered against Burton in the amount of $45,600. This sum represents the amount ordered to be paid by Serra and KGR less the $5,000 received from Serra.

Burton's first argument on appeal is that the Oakland County Circuit Court lacked jurisdiction over the subject matter of the receiver's petition because of an adjudication of bankruptcy in Federal court. The argument runs thus: Satovsky was appointed receiver on May 26, 1969. This appointment, however, did not vest title to Simon's assets in the receiver nor did it create a lien in his favor. The filing of a petition in bankruptcy, which occurred on September 24, 1971, vested title to these assets by operation of law in the trustee in bankruptcy, under the provisions of § 70(a) of the Federal Bankruptcy Act, 11 USCA 110(a), and hence the circuit court was without power to enter a judgment relative to these assets on December 27, 1974.

We disagree.

Whether or not the receiver acquired a lien by virtue of this appointment, he did succeed to what-

ever title or interest Simon had in the escrowed property. *In re Farmers' & Merchants' Bank of Lawrence,* 194 Mich 200, 207; 160 NW 601 (1916).

Where a receiver is appointed more than four months prior to a Federal court filing in bankruptcy the rule is that a state court suit begun by the receiver should be allowed to proceed to a final adjudication on the theory that "the Court which first obtains rightful jurisdiction over the subject matter should not be interfered with". *Blick v Nimmo,* 121 Md 139, 145; 88 A 116, 119 (1913). Accordingly, we uphold the right of the Oakland County Circuit Court to enter judgment against Burton on the receiver's petition despite the subsequent filing by Simon in Federal bankruptcy court.

Burton next argues that the receiver's failure to dispute Burton's previous disclosures of no indebtedness, which had been filed in the three Wayne County garnishment proceedings, precludes the receiver from litigating that issue in the instant action.

It is true that a disclosure of no liability, unchallenged by the plaintiff within the prescribed time limits, effectively discharges the garnishee from further involvement in the garnishment action. 4 Honigman & Hawkins, Michigan Court Rules Annotated, pp 620, 629; *Hayes v Ross,* 236 Mich 208; 210 NW 292 (1926).

However, the instant judgment was not rendered in any of the garnishment actions. It was rendered in a supplementary proceeding initiated by the receiver in connection with an Oakland County action which had nothing to do with the previous Wayne County actions in which the garnishments were issued.

No matter how the Wayne County writs of garnishments may have been resolved, the fact

remains that on April 22, 1970, the date on which Burton disbursed the funds it held under the Abend escrow agreement, it was subject to a restraining order issued by the Oakland County Circuit Court prohibiting it from disbursing to anyone any property which it knew or had reason to believe belonged to or was due to Hyman Simon.

The fact that the statutory issue of Burton's liability was never tried in the Wayne County garnishment actions does not prevent the receiver from litigating that issue in this proceeding.

Burton's next assignment of error relates to the form of the subpoena-restraining order. Burton contends that the order was defective since neither the funds disbursed nor the assets from which these funds were derived were specifically named in the order pursuant to the requirements of MCLA 600.6119; MSA 27A.6119.

MCLA 600.6119; MSA 27A.6119 provides as follows:

"(3) The restraining effect of a subpoena served upon a third party shall not, however, apply to any property, money or indebtedness which appears from the books or records of the third party to belong to or to be due to a person or corporation other than the judgment debtor, unless the third party has knowledge or reason to believe that such property, money or indebtedness belongs to or is due to the judgment debtor; *but the court may by order at any stage of the proceeding grant a restraining provision applicable to any such property, money or indebtedness, which is specified in the order, where it is shown to the court's satisfaction by affidavit or other written proof that there is reason to believe that such property, money or indebtedness belongs to or is due to the judgment debtor.*" (Emphasis supplied.)

Burton argues that the underlined portion of the

quoted section requires that the subpoena, in order to be effective, must include or have appended to it an order which specifies the property, money or indebtedness which is made subject to the restraining order.

We find no cases interpreting this section of the statute nor are any cited to us. It seems evident to us, however, from the plain meaning of the statutory language that the party to whom the subpoena is directed is restrained from transferring or disposing of property, money or indebtedness which it knows or has reason to believe belongs to or is due to the judgment debtor whether or not the court adds to the subpoena a special order restraining the transfer or disposal of any specific property.

Burton's final assignment of error is meritorious and requires that the case be remanded to the trial court for an evidentiary hearing.

The trial court entered a judgment against Burton in the amount of $45,600 without conducting an evidentiary hearing for the purpose of determining whether the funds disbursed by Burton pursuant to the order of the Wayne County Circuit Court did in fact belong to or were in fact due to Hyman Simon.

It is true, as the receiver points out, that the parties stipulated as to the record that the trial court was to consider at the hearing on the receiver's petition to require Burton to pay the disputed funds into court. But the stipulated record is devoid of evidence from which the court could determine that the funds disbursed belonged to or were due to Hyman Simon.

In making its determination as to Burton's liability the trial court relied principally on the answer filed by Mark Abend in the Wayne County

suit instituted by John Serra. Abend states affirmatively in that pleading that Hyman Simon owned a one-half interest in the joint venture developing Judson Manor Subdivision. It was the proceeds from the sale of the lots in this subdivision that Burton was holding under its escrow agreement with Abend. The only conclusion that can be drawn from this, however, is that Simon had a right to one half of the profits realized from the development if there were any profits. There is nothing in Abend's answer, or anywhere else in the stipulated record, from which an inference can be drawn that one half of the funds, or indeed any of the funds, held in escrow by Burton on April 22, 1970, belonged to or were due to Simon. In fact Abend states in his answer that "substantial proceeds" had been prepaid to Simon[6]; that the title to the lots had been transferred to Abend to protect Abend's interest; and that there would be an accounting between the parties so that withdrawals could be equalized when the project was completed. There is no evidence in the stipulated record as to the results of any accounting between Abend and Simon or that there had ever been one.

Accordingly, the case is remanded to the trial court for an evidentiary hearing to be conducted in accordance with the provisions of MCLA 600.6128; MSA 27A.6128, for the purpose of determining what, if any, portion of the funds held by Burton Abstract and Title Company on April 22, 1970, under its escrow agreement with Mark Abend, belonged to or were due to Hyman Simon. Judgment may be entered against Burton Abstract

---

[6] In paragraph 17 of Abend's answer he states:

" * * * That said Hyman Simon was the owner of an undivided one half interest therein to the extent of his interest in the proceeds * * * it being agreed by said parties that there had been *substantial monies advanced to Hyman Simon against his potential profit * * * .*"

and Title Company in favor of the receiver in an amount equal to any amount of the escrow fund found to have been due to Simon on the date of disbursement less any amount already paid to the receiver by Serra or KGR Corporation. We do not retain jurisdiction.

No costs, each party having partially prevailed.